UNITED STATES v. HARRIS et al.
Application of GARRISON.
No. 13897.

United States District Court
W. D. Missouri, W. D.
April 20, 1951.

See, also, 72 F.Supp. 786.

Sam M. Wear, U. S. Atty., Kansas City, Mo., for plaintiff.

Defendant pro se.

148. Unfair Competition and Trade-Marks (4th Ed.) Vol. 1, pp. 581–82.

REEVES, Chief Judge.

By an indictment filed in this court on September 10, 1937, the above named defendant, Orville Chester Garrison, was, along with others, charged under sections 588a, 588b, 588c, of Title 12, now Section 2113, Title 18 U.S.C.A., with bank robbery.

The indictment was in two counts. One count charged the defendant and those in complicity with him, with having committed the robbery of the University Bank, 316 West 63rd Street, Kansas City, Jackson County, Missouri, by threats and the use of loaded pistols and revolvers, and by putting the officers and employees of the bank in fear. And the second count charged robbery in the same way, supplemented with a single sentence showing aggravation of the crime, as follows: " * * * and by reason of the said loaded guns, pistols and revolvers, put in jeopardy the lives of the said J. R. Breed", et al. Each count set forth the amount of money taken by the defendants as being the same, and in the sum of $3955.71.

In a separate trial the defendant, and movant, Garrison, was convicted on both counts by verdicts of a jury returned and filed November 10, 1937. Upon such conviction he was sentenced on both counts as follows: " * * * twenty (20) years on count 1 of said indictment, and for and during a period of twenty-five (25) years on count 2 of said indictment, said sentences of imprisonment to run consecutively, * * *."

Upon these sentences the defendant Garrison entered upon execution of the sentences in their order.

Subsequently, under the same indictment, an accomplice in the crime, namely, Paul M. Hewitt, was convicted by a jury and given the identical sentences. Upon an appeal by the said Hewitt, the Court of Appeals, after reviewing the evidence and considering the statute under which he was convicted, reached the conclusion, " * * * that the robbery of the University Bank constituted, for the purpose of sentence, but one offense, and that no sentence should have been imposed under the first count of the indictment." Hewitt v. United States, 8 Cir., 110 F.2d 1, loc. cit. 11.

Following this decision, the defendant Garrison, with others, sought a modification of the sentences imposed upon them. They did not file a motion, as now stated and conceded by the movant in this case, but merely had correspondence with the trial judge concerning a modification of the sentence. While the matter was under consideration in the trial court, defendant Garrison (this petitioner), with another, filed a petition for a writ of mandamus in the Court of Appeals. Such proceeding was entertained, and this court was advised that: " * * * the sentence of twenty-five years imposed under count two of the indictment against these petitioners was and is in all respects valid, but that the sentence to twenty years imprisonment under count one was not valid in law, and that it is within the power and duties of Judge Reeves to vacate the invalid sentence and to transmit to the warden of the penitentiary at Alcatraz an authenticated record of the entry vacating the same so as to clearly apprise the warden that the petitioners are to be subjected only to the valid sentence of twenty-five years imprisonment imposed upon the second count of the indictment." Garrison v. Reeves, 8 Cir., 116 F.2d 978.

The order or decision of the Court of Appeals was obeyed and the sentence was modified as directed. Approximately at the same date, the case of Holiday v. Johnston, 313 U.S. 342, 550, 61 S.Ct. 1015, 85 L.Ed. 1392, was decided by the Supreme Court, involving practically the same question. The Supreme Court accepted a concession by the government that the statute under which this defendant and the defendant Holiday had been convicted did not create two separate offenses. Where two sentences, however, had been imposed, the court, 313 U.S. loc cit. 349, 61 S.Ct. at page 1017, said: "His (Holiday's) remedy is to apply for vacation of the sentence and a resentence in conformity to the statute under which he was adjudged guilty."

No such application ever having been filed here and this court never having been called upon to exercise its own judgment and discretion as to which of the two sentences imposed should be served by the

defendant (Movant Garrison), now, for the first time, has such an application or motion been filed.

At a later date, the Court of Appeals, this Circuit, in Holbrook v. United States, 136 F.2d 649, loc. cit. 652, in considering an identical situation also arising in this court, followed the ruling of the Supreme Court in the Holiday case, supra, as follows:

"Since neither sentence of itself is invalid by the terms of the statute, and the only invalidity in the situation derives from the constitutional prohibition against double jeopardy or punishment, justice and reason dictate, in such a case, that the court and not the defendant shall have the right to say which of the two consecutive sentences, contemporaneously imposed and both unexecuted, shall be eliminated in order not to subject the defendant to the possibility of double punishment. That question may properly be determined by the trial court up to the time that there has been a legal satisfaction of one of the sentences, and appropriate action may be taken to vacate the sentence which the court concludes should be voided, in order not to impinge upon the defendant's right against double punishment.

"* * * Without and until a vacation of the twenty-year sentence, which was not of itself invalid under the terms of the statute, *it is that sentence which they must be regarded as now being serving."* (Emphasis mine.)

The court further said that: "To the extent that any expressions in the Hewitt, Garrison and Holiday cases may appear to conflict with the views expressed herein, they are to be deemed modified hereby and are to be construed in harmony with this opinion."

By a footnote there is a recital that all of the judges who sat in the other cases approved the modification in Holbrook v. United States. By this modification it appears, therefore, that the ruling of the Court of Appeals in Garrison v. Reeves, supra, was not a proper declaration of the law in advising the trial court that a valid sentence imposed on the first count was in-

valid, for, said the court in substance, that, in the last analysis, it rests with the trial judge to say which sentence shall be served. The defendant Garrison (the movant and applicant in this case) has now applied for a modification of the sentences in such a way as to eliminate the sentence of twenty-five years on the second count, for the reason that he has served the greater part, or all of the first sentence, with good time allowance.

In the Holbrook case the court said that the question as to which sentence should be served "may properly be determined by the trial court up to the time that there has been a legal satisfaction of one of the sentences, * * *."

1. Now that the defendant has served the greater part or all of the first 20 year sentence (with good time allowance) the right of the court to exercise a discretion as to which of the sentences ought to be served should be exercised in favor of the 20 year sentence and the 25 year sentence eliminated.

2. Section 2113, Title 18 U.S.C.A., has been repeatedly construed. Its latest construction may be found in Holbrook v. United States, supra, where the Court of Appeals, this Circuit, specifically ruled that the 20 year sentence imposed under the first count of the indictment was not invalid and that the question whether the 20 or 25 year sentence shall be served "may properly be determined by the trial court up to the time that there has been a legal satisfaction of one of the sentences * * *." It further stated that, *"appropriate action may be taken to vacate the sentence which the court concludes should be voided, in order not to impinge upon the defendant's right against double punishment."* (Emphasis mine.) In this connection it is to be noted that the trial court was not given an opportunity to exercise its judgment or discretion in the matter of these sentences. In Garrison v. Reeves, supra, the Court of Appeals undertook to exercise that discretion for the trial court and while no writ was issued, the court said that such writ will not be issued "If action is promptly taken in accordance with this opinion". The petitioners in the mandamus case now

concede that no motion had ever been filed in the District Court requesting the action which they subsequently asked the Court of Appeals to compel the court to take.

3. In the case of Holiday v. Johnston, supra, as heretofore quoted, the Supreme Court said that the remedy in such cases "is to apply for vacation of the sentence and a resentence in conformity to the statute * * *." No such application was ever heretofore made. For the first time the applicant or movant in this case has sought a vacation of one of the sentences.

4. Since the Court of Appeals has indicated in Holbrook v. United States, supra: " * * * that any expressions in the Hewitt, Garrison and Holiday cases" in "conflict with the view expressed herein * * * are to be deemed modified hereby and are to be construed in harmony with this opinion", this court now feels at liberty to exercise the discretion confided to it by the several decisions of the appellate courts.

5. A re-examination of the evidence discloses that the defendant (applicant or movant in this case) was probably the least of the offenders in the crime with which he stood charged. He did not participate in the actual robbery of the bank, but drove the automobile in which those in complicity with him made their escape. The robbery was not his conception, nor did he participate extensively in the planning. Others did that. And their guilt was far more censurable than that of the petitioner or applicant. It appears from authentic information before the court that all of the others convicted at the same time have long since been discharged from custody and are now at liberty. This petitioner alone is still paying the penalty for his offense. It appears, moreover, that he has acquired rights under the first sentence imposed, and that if the court were now to adjudge that the second and last sentence of 25 years should be served, it would work a manifest injustice and wrong to the applicant or movant. Moreover, it has been held here, with sound reason (though the appellate courts are not harmonious on the question) that when the court imposed the first sentence, of 20 years, it exhausted its authority, and,

that, as between the two sentences, the second one was invalid and not the first one. All doubts at this time should be resolved in favor of the applicant or movant.

Accordingly, it will be the order of the court that the sentence heretofore imposed be modified so that the defendant will only be required to serve the first sentence, of 20 years, and that the second sentence be annulled and declared void, and that whatever rights the defendant Garrison has acquired in the way of good time allowance, and industrial allowance, or otherwise, shall be vouchsafed to him and credited on the 20 year sentence, and not on the second or 25 year sentence. The order of the court made pursuant to the direction of the Court of Appeals in the mandamus proceeding should be again modified so as to restore the 20 year sentence and to vacate the 25 year sentence; and it should be the further order of the court that the commitment be so modified, and the Warden of the prison at Alcatraz be advised of the modification so that the defendant (the applicant and movant here) will be considered and treated as having but the first sentence, of 20 years, imposed upon him, and that his right of enlargement be computed upon that sentence and no other.