UNITED STATES of America
v.
Lawrence A. TRUMBLAY.
Crim. No. 1903.

United States District Court
N. D. Indiana, South Bend Division.
Feb. 10, 1956.

Phil M. McNagny, Jr., U. S. Atty., Fort Wayne, Ind., Graham W. McGowan, Asst. U. S. Atty., South Bend, Ind., for plaintiff.

George B. Hoffman, Jr., Paul B. Huebner, Hammond, Ind., for defendant.

SWYGERT, Chief Judge.

The petitioner is incarcerated in the Federal Prison in Alcatraz, California, serving a thirty-year sentence for bank robbery and for armed assault in the commission thereof. He filed *pro se* a petition to vacate the sentence. Pursuant to an order of the court, the Government filed a response. Thereafter, two members of the Hammond Bar, George B. Hoffman, Jr., and Paul B. Huebner, were appointed to represent the petitioner. The petition was heard on February 6, 1956.

The petitioner bases his right to relief under 28 U.S.C. § 2255 on three grounds. These grounds will be discussed seriatim.

■ 1. It is claimed that the petitioner "did not intelligently and competently waive his Constitutional right to be indicated by the Grand Jury." At the time the defendant consented to be prosecuted by information, he was represented by two attorneys of his own choice. The transcript of the record of the pro-

ceeding on February 11, 1953, shows the following to have taken place:

"The Court: Rule 7(b). Waiver of Indictment.

" 'An offense which may be punished by imprisonment for a term exceeding one year or at hard labor may be prosecuted by information if the defendant, after he has been advised of the nature of the charge, and of his rights, waives in open court prosecution by indictment.' [Fed.Rules Crim.Proc. 18 U.SC.A.]

"It is my policy in all of these cases, if the defendants are not represented by counsel, to tell them substantially this:

"That they have a right to have the case commenced by way of an indictment; they have a right to have a grand jury look into the matter and have it investigated by a grand jury. On the other hand, if they don't want to wait until a grand jury meets, they can waive the requirement of a grand jury indictment and they can consent to the institution of a charge by way of an information. That does not mean they are pleading guilty, or not guilty. The only thing they are consenting to is that the charge be placed against them in that fashion, by way of an information, and that they are waiving their right to be indicted. That thereafter, of course, they have the right to plead not guilty; they have a right to a jury trial. All of their rights are preserved except their right to be prosecuted by way of an indictment.

"Now, as I say, that is what I say in all cases in which a defendant is not represented by counsel. When they are represented by counsel, then of course I assume that the defendant has the advice of counsel and it is not incumbent upon the Court to go into it as thoroughly as I do ordinarily. I only bring the rule to your attention because of the fact of your statement that the defendant would have to be put on the

stand, to be asked questions. I don't know of any procedure in which that would be required, insofar as any waiver is concerned. The waiver, however, is purely a voluntary matter on the part of the defendant. If he wants to wait until the grand jury meets, that is a matter for his own decision. * * *

"The Court: Do you want to confer with the defendant?

"Mr. Powell: Your Honor, I would like to confer with him.

"I am a little hard of hearing.

"The Court: You may confer with the defendant. * * *

"Mr. Powell: If the Court please, after talking to Mr. Trumblay, the defendant here, he wishes to be tried on information.

"The Court: I think that he should indicate. If he desires to consent, and knowingly consent, to be tried on information, he will have to sign a consent. * * *

"The Court: Has the consent been signed?

"Mr. Keating: He is signing it now."

In view of the foregoing statements made before and at the time the defendant waived his right to be prosecuted by indictment, there is no basis for his claim that he was under a misapprehension that he was signing a consent to a transfer of venue within the district instead of a waiver of indictment and that he was not aware of his privilege to have his case investigated by a grand jury.

 2. Secondly, the defendant claims that the information was sent to the jury at the start of its deliberations together with an annexed affidavit signed by an Assistant United States Attorney, which affidavit reads as follows:

"James E. Keating, being first duly sworn upon his oath deposes and says that he is Assistant United States Attorney for the Northern District of Indiana; that he has read the above and foregoing information and the matters and things alleged therein are true in so far as he is informed and verily believes."

It is contended that the submission of the affidavit was error and that it infringed the petitioner's Constitutional rights.

The transcript of the record of the trial shows that the court stated during the conclusionary part of the instructions that the jury would have in their jury room the information along with the evidentiary exhibits. The petitioner asserts that it must be inferred from this that the annexed affidavit accompanied the information. The Government takes the opposite view, asserting that no such inference may be drawn and that the petitioner has the burden of proving the affidavit was submitted with the information (or a copy) which was sent to the jury.

The trial occurred in February, 1953. A positive determination at this time either that the affidavit did or did not accompany the information to the jury room would be difficult, even if a full inquiry were undertaken from all those present, including the jurors. But such an inquiry need not be made or such determination attempted because, proceeding upon the assumption, *arguendo*, that that affidavit was submitted, I have concluded that the petitioner's contention cannot be sustained.

The petitioner was represented by two lawyers at his trial. No objection was made to the sending of the information to the jury. There is no claim that the defendant or his counsel were unaware at that time that the annexed affidavit was also being sent to the jury room. There is no showing that this fact was *learned only after* the trial. The matter was not raised on the appeal. United States v. Trumblay, 7 Cir., 208 F.2d 147. Now, three years after the trial, the question is presented for the first time, so that if the judgment were vacated, the Government on a new trial would be faced with the difficulty of reproducing the various witnesses and the proof which it submitted at the original

trial. While the protection of Constitutional rights must be a paramount consideration, I am of the opinion that the assertion that it was error to permit the affidavit to go to the jury room comes too late and cannot now be used as the basis of vacating the sentence. There is nothing to indicate that the defendant was prevented from claiming this error, either at the trial or at least on his appeal. Like any other error in the admission or rejection of evidence, this error if it did occur, was waived when it was not raised on the appeal.

Even though it is claimed that the alleged error infringed a Constitutional right it is not necessarily available on a motion under § 2255 where opportunity has been afforded to present the claimed error on appeal. In Smith v. United States, 88 U.S.App.D.C. 80, 187 F.2d 192, 197, the court said:

"When, as in Bowen v. Johnston [306 U.S. 19, 59 S.Ct. 442, 83 L.Ed. 455], supra, it is said that there has been a denial of 'constitutional rights,' * * * the whole course of events is to be considered, not merely the erroneous admission of evidence claimed to infringe a right protected by the Constitution. Such admission alone does not result in the denial of a constitutional guaranty so long as the error is subject to correction on appeal and there is no indication of any deterrent to appeal, such as lack of counsel. Accordingly, in such circumstances the method of correction must be direct, not collateral. Otherwise a motion under § 2255 becomes indeed a substitute for the regular judicial process of trial and review."

In Davis v. United States, 7 Cir., 1954, 214 F.2d 594, 596, the court said:

"It is settled law that a motion for vacation of a judgment and sentence under 28 U.S.C. § 2255 cannot be used in lieu of an appeal to correct errors committed in the course of a trial, even though such errors relate to constitutional rights, including such as are complained of in appellant's allegations."

See also Pelley v. United States, 7 Cir., 1954, 214 F.2d 597.

I think that the failure to present this on the appeal makes the cases of United States v. Grady, 7 Cir., 1950, 185 F.2d 273; United States v. Douglas, 7 Cir. 1946, 155 F.2d 894 inapplicable. There are, however, other material distinctions. The affidavits in both those cases were apparently made by fact witnesses. The affidavit in the instant case was made by one who identified himself in the affidavit as an Assistant United States Attorney and who was not a fact witness because he asserted that the truthfulness of the matters in the information was based on his information and belief. Furthermore, in both the Grady and Douglas cases the defendants became aware of the submission of the affidavits only after trial. As heretofore mentioned there is no such assertion made in the case at bar. Even though the defendant may claim that he did not become aware of the legal basis for his claim until after the trial and the appeal, this is very different from a lack of knowledge of the submission. A convicted criminal defendant should not be permitted to choose his own time and long after conviction to assert a claim that erroneous evidence was presented against him when he had full opportunity to present the question on his appeal. In my opinion such permission would pervert the function of § 2255.

3. Thirdly, the petitioner contends that he received an excessive sentence. Count I of the information charged a violation of 18 U.S.C. § 2113 (a) and Count II charged a violation of 18 U.S.C. § 2113(d). The jury found the defendant guilty of both counts. The defendant was sentenced on Count I to imprisonment for a period of five years and on Count II to imprisonment for a period of twenty-five years, the sentences to be served consecutively.

Under the prevailing authority the commission of acts in violation of § 2113(d) encompasses a violation of §

2113(a) and is, for purpose of sentence, but one offense for which only one sentence may be imposed. Heflin v. United States, 5 Cir., 1955, 223 F.2d 371; Gant v. United States, 5 Cir., 1947, 161 F.2d 793; Durrett v. United States, 5 Cir., 1939, 107 F.2d 438; Hewitt v. United States, 8 Cir., 1940, 110 F.2d 1; United States v. Harris, D.C.W.D.Mo.1951, 97 F.Supp. 154. In view of these holdings and the discussions of the question in these cases I have come to the conclusion that the sentence as to Count I must be vacated.

Accordingly, it will be the order of the court that the sentence heretofore imposed shall be modified so that the defendant will be required to serve only the sentence imposed on Count II and that the sentence on Count I shall be vacated and declared void. It will further be the order that the time heretofore served by the defendant under the sentence imposed under Count I shall be deemed and considered as served under the sentence imposed under Count II.