Doctor Irby SPROUSE, Jr., Appellant,

v.

Dr. R. O. SETTLE, Warden, Medical Center for Federal Prisoners, Springfield, Missouri, Appellee.

No. 16358.

United States Court of Appeals
Eighth Circuit.

Feb. 12, 1960.

Irby Sprouse, pro se.

Before JOHNSEN, Chief Judge, and SANBORN and VAN OOSTERHOUT, Circuit Judges.

JOHNSEN, Chief Judge.

The appeal is from a denial by the District Court, without a hearing, of appellant's petition for a writ of habeas corpus.

Appellant is an inmate of the Medical Center for Federal Prisoners at Springfield, Missouri. He is under recommitment as a conditional-release violator, for service of the balance of a three-year sentence against him. Warrant for his retaking had been duly executed upon him under 18 U.S.C.A. §§ 4205 and 4206, and revocation of his conditional release was made pursuant to § 4207.

The controlling factor on his petition for a writ is on what date service of the sentence that is involved must be regarded as having been initially commenced by him. This is, of course, determinative of the extent or portion of his sentence which had been executed by him at the time he was conditionally released, and so of whether the warrant for his retaking had, within the requirement of § 4205, been "issued * * * within the maximum term or terms for which he was sentenced", and in relation to the jurisdictional restriction imposed upon the Board of Parole by the amendment made to § 4164 in 1951, 65 Stat. 98, the effect of which is to permit the Board to take cognizance of and to act upon only such violations of a conditional release as have occurred more than 180 days before the release would become final or absolute.[1]

Under amended § 4164 a release granted by the Board of Parole, pur-

1. § 4164 provides: "A prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if released on parole until the expira-tion of the maximum term or terms for which he was sentenced less one hundred and eighty days. * * *"

suant to § 4163, is therefore not subject to revocation for violation, where the release was not issued more than 180 days before the expiration of the maximum term or terms for which the prisoner was sentenced. The same is true also as to any other release under § 4163, which has been issued before such time, but which has not been the subject of any violation of its terms until 180 days or less prior to the expiration of the maximum term or terms for which the prisoner was sentenced. See U.S. Code Cong. and Adm. Service, 82nd Cong., 1st Sess., 1951, Vol. 2, pp. 1544–1547; Schiffman v. Wilkinson, 9 Cir., 216 F.2d 589, 591.

■ This appears to be the extent of the significance of the 180-days provision of § 4164. It does not operate as a legal commutation of the term or terms for which a prisoner was sentenced. It is without any effect as to a prisoner who has not earned the right to be released for good-conduct and industrial-time allowances under §§ 4161 and 4162. Similarly, it does not prevent the retaking of a prisoner into custody during such 180-days period, as to a conditional release granted to him more than 180 days before the expiration of his maximum term or terms, whose conditions he has violated, and in relation to which a warrant has been issued against him under § 4206, before the 180-days period has been reached.

■ In short, the object and consequence of the 1951 amendment to § 4164 would seem to be simply to leave a prisoner not subject to the control, supervision and prescriptions of the Board during the last 180-days period of the maximum term or terms for which he was sentenced, provided that he is on release under good-conduct and industrial-time allowances.

Appellant contended, as a basis for the writ application which he made, that at the time of his conditional release there were only 108 days remaining of the maximum term or terms for which he was sentenced, and that the Board therefore was in any event without ju-

risdiction to retake him into custody. This contention, however, rests on a number of fallacious premises. It misconceives the nature and effect of the 180-days provision in § 4164, which has been discussed above, but which appellant insists constitutes a statutory commutation in the maximum term or terms of all prisoners and has no relation to whether they are on release for good-conduct and industrial-time allowances. Appellant's contention as to his sentence balance misconceives also the object and significance of the legislative provision allowing consecutive sentences to be aggregated as a basis for computing good-conduct and industrial-time allowances under §§ 4161 and 4162, in that he seeks to have accorded to such a record accumulation the effect of accelerating the dates when the service of subsequent sentences will have been commenced.

■ The provisions of § 4161 for good-conduct allowances to a prisoner, and for aggregation of the lengths of the consecutive sentences against him as a basis for arriving at the rate and amount of book-credits necessary to entitle a conditional release to be issued, do not change or affect the legal length of the sentence or sentences against the prisoner, or the time when service of any such sentence is made to commence by the judgment of the court. Sections 4161 and 4162, in conjunction with §§ 4163 and 4164, simply provide a means by which it is possible for a prisoner to achieve a different form or mode of effecting service of part of the term or terms of sentence existing against him, when his accumulation of good time has reached the point where it is entitled to become effective in conditional release.

■ But the right of a prisoner to make such a substituted form of sentence-service is conditional and not absolute. The prisoner cannot engage in any legal or moral misconduct while he is on conditional release. And for any such misconduct in which he may engage, while on conditional release, up until the last 180 days of his maximum term or terms of sentence are reached,

he is subject to being retaken into custody by Board warrant; having all of his previously earned good time forfeited; and being required to take up the prison-service of his sentence at the point where this had been left off when he was conditionally released.

Thus, the date when service of the sentence that is here involved legally commenced was not controlled or affected by the amount of good-conduct and industrial-time credits standing on appellant's penitentiary record at any time. Those credits or allowances had no significance for any legal purpose, until they reached an amount sufficient to entitle him to a conditional release, and then only in relation to the granting to him of such a release. The extent of his sentences and the time when one would be commenced to be served in relation to another would depend upon the judgment which the court had pronounced.

■ Legally, a sentence made consecutive to another is not able to be commenced to be served until the other has been executed or satisfied. It is not an execution or satisfaction of any part of a prisoner's sentence or sentences for him to have accumulated good-conduct and industrial-time credits on his penitentiary record. Such credits or allowances may, however, become the basis for an execution or satisfaction of the remaining portion of his sentence or sentences being effected, where they have become sufficient to entitle him to a conditional release and where he has throughout the period of the release (or until its final 180 days) conformed to the conditions of the release.

■ The principles which have been stated make simple the disposition of appellant's appeal. They should sufficiently serve to demonstrate to appellant the fallaciousness of the premises on which he has proceeded, so that there is no need to set out and discuss specifically his many theories and arguments.

The sentence which is here involved was for a three-year term, imposed on August 14, 1953, for conviction of a Dyer Act offense, 18 U.S.C.A. § 2312. Appellant was then only 18 years old but was prosecuted as an adult. At the time of the offense, however, he was an escapee from a Federal Correctional Institution, to which he had been committed under the provisions of the Juvenile Delinquency Act, 18 U.S.C.A. § 5031 et seq.

His first commitment as a juvenile delinquent was made on October 9, 1950, for a three-year term. Apparently, a release on parole was granted him and, while he was thus at liberty, he engaged in another violation of law, for which, on June 7, 1952, an additional commitment of him as a juvenile delinquent was made, until he should reach his majority.

The three-year sentence for the Dyer Act conviction was in its pronouncement made to run consecutive to his Juvenile Delinquency Act terms and commitments.

Appellant attained his majority on June 8, 1956. The Board had aggregated the length of his juvenile and adult terms, for purposes of computing his good-time allowances, and had granted him a conditional release on February 21, 1957. On August 1, 1957, a warrant was issued against him by a member of the Board for retaking him into custody, because of violation of the conditions of his release. The warrant was unable to be executed upon him, however, until June 27, 1959, by reason of his compelled service of a sentence for another offense which he had committed, and of which he had been convicted, while he was out on conditional release.

The warrant for his retaking recited that there remained 836 days to be served of appellant's three-year sentence. Under the terms of his second juvenile commitment, as indicated, he was committed to the custody of the Attorney General, until he should attain his majority. He was so being held in custody. Service of the three-year sentence therefore did not begin until June 8, 1956, when appellant became 21 years old, and when the right of the Attorney General to hold him in juvenile custody terminated as a matter of law.

Without adding up the exact number of days in the calendar months involved, and using instead the basis of 30 days per month for convenience in general calculation, it is obvious that the 8 months and 13 days which appellant had served, from the time he became of age on June 8, 1956, to the date of his release on February 21, 1957, left at least 836 days, or more, remaining unserved of his three-year sentence. The warrant thus was both proper in its recitation and legal in its issuance as having, within the requirement of § 4205, been issued "within the maximum term or terms for which he was sentenced". And, of course, under the provisions of § 4205, "The unexpired term of imprisonment of any such prisoner shall begin to run from the date he is returned to the custody of the Attorney General under said warrant, and the time the prisoner was on parole [or conditional release] shall not diminish the time he was sentenced to serve".

It must accordingly be held that the trial court properly dismissed appellant's petition on its face. Appellant is not being illegally held in custody. The sole purpose which a general habeas corpus proceeding may be made to serve is to test the legality of the restraint under which the petitioner is held. United States ex rel. Touhy v. Ragen, 7 Cir., 224 F.2d 611, 613; Shaver v. Ellis, 5 Cir., 255 F.2d 509, 511.

It therefore is of no relevance here whether or not the Board had improperly computed appellant's good-time allowances in relation to his sentence. If the issuance of his conditional release was legally premature, any improper time that he may have been at liberty would not in any event constitute service made of part of his sentence, on the question of the Board's right to revoke his conditional release for violation and to forfeit whatever good-time allowances had been made and accepted by him as a basis for the release. Mandel v. Heritage, 9 Cir., 267 F.2d 852, 853.

Finally, as to appellant's contention that his industrial-time allowances under § 4162 could in no event be forfeited, it is unnecessary here to do more than to point to our holding in Wipf v. King, 8 Cir., 131 F.2d 33, that these allowances, just as much as those for good conduct, are conditional and so are subject to forfeiture on the same basis.

Affirmed.