Richard Willard KAY, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 13991.

United States Court of Appeals
Sixth Circuit.

June 21, 1960.

Richard Willard Kay, in pro. per.

Malcolm R. Wilkey, Asst. Atty. Gen., Warner Hodges, U. S. Atty., Edward N. Vaden, Asst. U. S. Atty., Memphis, Tenn., for appellee.

Before McALLISTER, Chief Judge, and MILLER and CECIL, Circuit Judges.

PER CURIAM.

The District Judge accepted from the appellant a plea of nolo contendere to each of five counts of an indictment charging violations of the National Firearms Act, Sections 2720–2733, 3260–3263, Title 26 U.S.Code, and Section 902 (g), Title 15 U.S.C.A.; to each of five counts of an indictment charging violations of the Dyer Act, Sections 2312 and 2313, Title 18 U.S.Code; and to each of two counts of an indictment charging violations of the National Stolen Property Act, Section 2314, Title 18 U.S.Code. Sentences were imposed in each instance on April 17, 1951.

He was sentenced under each count of the first indictment to a term of five years, to run concurrently and to commence to run from April 17, 1951.

He was sentenced under each count of the second indictment to a term of five years, to run concurrently and to begin at the termination of the service of the respective five concurrent terms of imprisonment on April 17, 1951, under the first indictment.

He was sentenced under each count of the third indictment to a term of five years to run concurrently and to begin at the termination of the service of the respective five year concurrent terms of imprisonment imposed on April 17, 1951, under the first and second indictments, "making a total of a fifteen (15) year period of imprisonment."

Appellant filed the present action on March 5, 1959, under Section 2255, Title 28 U.S.Code, and Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C. to vacate or correct the sentences as being ambiguous and illegal sentences.

We find no merit in the contention that the sentences are ambiguous.

Appellant's main contention appears to be that since the sentences under each of the three indictments were entered on the same day and since he was committed for imprisonment under each of the three judgments on the same day, each judgment and commitment became effective immediately upon his commitment, and that so much of the sentences as provide that they shall begin at a time subsequent to April 17, 1951, is illegal under the provisions of Section 3568, Title 18 U.S.Code.

Section 3568 provides: "The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for *service of said sentence.* * * . No sentence shall prescribe any other method of computing the term." (Emphasis added.)

The District Judge was of the opinion that the files and records conclusively showed that the petitioner was not entitled to the relief sought and denied the application, from which ruling this appeal was taken.

■ It appears to be settled law that the enactment of Section 3568, Title 18 U.S.Code, did not deprive the Court of its power to impose consecutive sentences. Dockery v. Hiatt, 5 Cir., 197 F.2d 333; Hiller v. United States, 9 Cir., 218 F.2d 641, appeal dismissed, 349 U.S. 918, 75 S.Ct. 666, 99 L.Ed. 1251; Sherman v. United States, 9 Cir., 241 F.2d 329, 336–337, certiorari denied, 354 U.S. 911, 77 S.Ct. 1299, 1 L.Ed.2d 1429, rehearing denied, 355 U.S. 852, 78 S.Ct. 78, 2 L.Ed. 2d 61; United States v. Solomon, 2 Cir., 70 F.2d 834; Ellerbrake v. United States, 7 Cir., 134 F.2d 683, 685, certiorari denied, 319 U.S. 775, 63 S.Ct. 1435, 87 L.Ed. 1722, rehearing denied, 320 U.S. 810, 64 S.Ct. 30, 88 L.Ed. 490; Terrell v. Biddle, 8 Cir., 139 F.2d 32, 34, certiorari denied, Terrell v. Pescor, 321 U.S. 794, 64 S.Ct. 785, 88 L.Ed. 1083, rehearing denied, 322 U.S. 767, 64 S.Ct. 941, 88 L.Ed. 1593.

■■ As *pointed out in Kirk v. Unit*ed States, 9 Cir., 185 F.2d 185, 187, a prisoner serving the first of several consecutive sentences is not serving the other sentences. See: McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238. Section 3568, by its express terms, refers only to the computation of the sentence which the prisoner is serving.

The judgment is affirmed.