**Richard H. KNIGHT, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. A. No. 4010.**

United States District Court
W. D. Kentucky,
at Louisville.

July 15, 1960.

Richard H. Knight, Atlanta, Ga., for petitioner.

William B. Jones, U. S. Atty., Louisville, Ky., for respondent.

SHELBOURNE, Chief Judge.

July 5, 1960, the petitioner, Richard H. Knight, filed this civil action to vacate a judgment and sentence under the provisions of Section 2255 of Title 28, United States Code.

The facts, in substance, are that the petitioner was charged by information in Criminal Action No. 25401 with a violation of Section 2314 of Title 18 U.S.Code, by transporting in interstate commerce from Bowling Green, Kentucky, to Nashville, Tennessee, on or about August 21, 1959, a falsely made or forged security. Arraigned upon this charge represented by counsel employed by him, the petition-

er entered a plea of guilty and received a sentence of two years. The judgment provided that "the sentence herein imposed is consecutive to the sentence imposed this day in No. 25399."

In Criminal Action No. 25399 the petitioner was charged, by an information filed in the United States District Court for the Southern District of West Virginia, with two violations of Section 2314 of Title 18 U.S.C., to-wit: the first count charged the petitioner with unlawfully transporting in interstate commerce from Huntington, West Virginia to Nashville, Tennessee, on or about October 2, 1959, a falsely made and forged check in the sum of $79.83 purported to have been drawn by the Roadway Express Lines payable to Richard H. Knight; the second count of the information charged the petitioner with unlawfully transporting in interstate commerce from Huntington, West Virginia, to Nashville, Tennessee, on or about October 2, 1959, a falsely made and forged check in the sum of $69.53 purported to have been drawn by Roadway Express Lines payable to Richard H. Knight.

The petitioner waived prosecution by indictment and consented to be prosecuted by information; the case was transferred from the Southern District of West Virginia at Huntington to the Western District of Kentucky at Louisville pursuant to Rule 20 of the Federal Rules of Criminal Procedure, 18 U.S.C.

Upon his plea of guilty to each of the two counts, petitioner was given a sentence of two years on each of Counts One and Two with the provision "the sentence in Count 2 is to run consecutively to the sentence in Count 1."

It is, therefore, apparent from the above statement that the petitioner has a total sentence of six years, and it is of this sentence that he complains in the present proceeding. He alleges that the consecutive sentences amount only to a total sentence of two years, alleging that a defendant sentenced on any criminal offense is entitled to credit on the sentence from the time the person is committed to jail or other place of detention to await transportation to the institution in which the sentence is to be served. Petitioner cites Caballero v. Hudspeth, 10 Cir., 114 F.2d 545; DuBoice v. United States, 8 Cir., 195 F.2d 371; United States v. Trumblay, D.C., 141 F.Supp. 80, affirmed 7 Cir., 234 F.2d 273; United States v. Harris, D.C., 97 F.Supp. 154; Wells v. United States, 5 Cir., 124 F.2d 334, 335; United States v. Bruce, D.C., 52 F.Supp. 150; Stevenson v. Johnston, D.C., 72 F.Supp. 627; Albrecht v. United States, 273 U.S. 1, 47 S.Ct. 250, 71 L.Ed. 505.

The DuBoice, Trumblay, Harris, Wells, Bruce, and Stevenson cases, supra, all relate to convictions arising out of bank robberies. An examination of the cases will show that the defect in the sentences there involved lay in the imposition of separate sentences on two counts when one of the two counts consisted of an aggravated method of committing another offense charged in the indictment. In other words, one count charged the robbery of the bank and the subsequent count charged the robbery of the bank by placing the life of a person or persons in jeopardy by the use of a deadly weapon.

The Caballero v. Hudspeth case, supra, charged in two separate counts the transportation of the same woman in interstate commerce in violation of the Mann Act.

Petitioner's contention is that, since the sentences on the three offenses charged in the two informations were entered on the same day and since he was committed for imprisonment under each of the two judgments on the same day, such judgments and commitments became effective immediately upon his commitment and so much of the sentences as provide that they shall begin at a time subsequent to April 13, 1960, is illegal under the provisions of Section 3568 of Title 18 U.S.C.

Section 3568 of Title 18 provides:

"The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on

which such person is received at the penitentiary, reformatory, or jail for service of said sentence.

\*　　\*　　\*　　\*　　\*　　\*

"No sentence shall prescribe any other method of computing the term."

This exact contention was before the Court of Appeals of this Circuit on June 21, 1960, in the case of Kay v. United States, 6 Cir., 279 F.2d 734, and the Court said:

"It appears to be settled law that the enactment of Section 3568, Title 18, U.S.Code, did not deprive the Court of its power to impose consecutive sentences. Dockery v. Hiatt, 197 F.2d 333, C.A.5th; Hiller v. United States, 218 F.2d 641, C.A. 9th, appeal dismissed, 349 U.S. 918 [75 S.Ct. 666, 99 L.Ed. 1251]; Sherman v. United States, 241 F.2d 329, 336–337, C.A.9th, cert[iorari] denied, 354 U.S. 911 [77 S.Ct. 1299, 1 L.Ed.2d 1429], rehearing denied 355 U.S. 852 [78 S.Ct. 78, 2 L.Ed.2d 61]; United States v. Solomon, 70 F.2d 834, C.A.2nd; Ellerbrake v. United States, 134 F.2d 683, 685, C.A.7th, cert[iorari] denied, 319 U.S. 775 [63 S.Ct. 1435, 87 L.Ed. 1722], rehearing denied, 320 U.S. 810 [64 S.Ct. 30, 88 L.Ed. 480]; Terrell v. Biddle, 139 F.2d 32, 34, C.A.8th, cert[iorari] denied, Terrell v. Pescor, 321 U.S. 794 [64 S.Ct. 785, 88 L. Ed. 1083], rehearing denied, 322 U. S. 767 [64 S.Ct. 941, 88 L.Ed. 1593].

"As pointed out in Kirk v. United States, 185 F.2d 185, 187, C.A.9th, a prisoner serving the first of several consecutive sentences is not serving the other sentences. See: McNally v. Hill, 293 U.S. 131 [55 S.Ct. 24, 79 L.Ed. 238]. Section 3568, by its express terms, refers only to the computation of the sentence which the prisoner is serving."

The above case, so recently decided, presents such a plain and complete answer to the petitioner's contention here that the Court has concluded there should not be any delay in disposing of the petition. Section 2255 of Title 28 U.S.C., provides:

"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears \* \* \* that the remedy by motion is inadequate or ineffective to test the legality of his detention."

Such is this Court's conclusion. It follows that the petition must be dismissed and an order so providing is this day entered.