**UNITED STATES of America,
Plaintiff,**

v.

**Earl Emerson FRANKLIN, Defendant.**

**Earl Emerson FRANKLIN, Petitioner,**

v.

**P. G. SMITH, Warden, Respondent.**

**Nos. 69–Cr–28 and 69–C–67.**

United States District Court,
S. D. Indiana,
Terre Haute Division.

May 7, 1970.

Stanley B. Miller, U. S. Dist. Atty., by Mr. Charles H. Scruggs, Asst. U. S. Atty., Indianapolis, Ind., for the United States and P. G. Smith, Warden.

James L. Crawford of Cox, Zwerner, Gambill & Sullivan, Terre Haute, Ind., for Earl Emerson Franklin.

OPINION

HOLDER, District Judge.

The captioned cases came on for bench trials on January 23, 1970 upon the is-

sues of the indictment returned October 27, 1969 and the defendant's plea of Not Guilty, and upon the issues of the Petition for a Writ of Habeas Corpus filed September 26, 1969 but amended on January 23, 1970 and the Respondent's Answer and Return in Two Paragraphs.

## THE INDICTMENT

The indictment charges that on June 22, 1969 the defendant, having theretofore been convicted of an offense against the United States in the United States District Court at Tulsa, Oklahoma, in violation of Title 18 U.S.C. Section 2312, and being then and there held in lawful custody at the United States Penitentiary, Terre Haute, Indiana, pursuant to a commitment issued under the laws of the United States, did wilfully and unlawfully escape from such custody in violation of Title 18 U.S.C. Section 751 (a). The defendant asserts the illegality of his confinement on June 22, 1969 and moves for acquittal.

■ The defendant's motion for acquittal is denied.[1] The irregularity or illegality of confinement is not an issue. Section 751(a) of Title 18 U.S.C. forbids escape not only of those "properly in custody of the Attorney General" but also of all "who are confined in any penal or correctional institution pursuant to his direction," without mention of the propriety of confinement. Bayless v. United States, 141 F.2d 578 (9th Cir. 1944), cert. denied at 322 U.S. 748, 64 S.Ct. 1157, 88 L.Ed. 1580; Laws v. United States, 386 F.2d 816 (10th Cir. 1967), cert. denied at 390 U.S. 1007, 88 S.Ct. 1252, 20 L.Ed.2d 107; Mullican v. United States, 252 F.2d 398 (5th Cir. 1958); Godwin v. United States, 185 F.2d 411 (8th Cir. 1950); and United States v. Jerome, 130 F.2d 514 (2nd Cir. 1942) cert. denied at 317 U.S. 606, 63 S.Ct. 62, 87 L.Ed. 492, reversed on other grounds at 318 U.S. 101, 63 S.Ct. 483, 87 L.Ed. 640. The defendant's remedy for unlawful incarceration was not to violate the criminal law of the United States, but to seek release pursuant to Title 28 U.S.C. Section 2241 et seq., which he has since done.

## THE PETITION FOR WRIT OF HABEAS CORPUS

The amended petition for a writ of habeas corpus was filed pursuant to Title 28 U.S.C. Section 2241 following petitioner's arrest on the criminal escape charge. Petitioner complains that he is being unlawfully detained and restrained of his liberty by the Warden at the United States Penitentiary at Terre Haute, Indiana. Specifically, he claims that he has completely served his time and that he has been illegally confined since April 1, 1968. Petitioner's application for a writ of habeas corpus is denied.

On May 25, 1956, the petitioner was sentenced to the custody of the Attorney General or his authorized representative for a period of five years in Criminal Case No. 12,806 in the United States District Court for the Northern District of Oklahoma. On the same date, he was also sentenced for a period of three years in Criminal Case No. 12,817 in the United States District Court for the Northern District of Oklahoma. The Court ordered that "the sentence of confinement in [Criminal Case No. 12,817] shall begin at the expiration of and run consecutively to the sentence in Criminal Case No. 12,806."

The petitioner began serving his sentence on May 25, 1956 and was continuously confined for a period of two years and three hundred twenty-five days until he was released on parole on April 15, 1959. After he had spent two years and sixty days on parole, a parole violator warrant was issued against petitioner on June 14, 1961. The warrant was subsequently executed on April 25, 1963 and petitioner was returned to Federal custody. Thereafter, petitioner was continuously confined for two years and ninety-four days until he was again paroled on July 28, 1965. After the petitioner had been on parole for a period of two

---

1. The judgment of conviction is recorded by separate entry.

years and ninety days, a parole violator warrant again was issued against him. This *second parole violator warrant* was executed and petitioner was returned to Federal custody on April 1, 1968. Petitioner escaped from the United States Pententiary at Terre Haute, Indiana, on June 22, 1969 and was retaken into Federal custody on July 30, 1969 in Columbus, Ohio.

The foregoing record of petitioner's confinements, paroles and violations is undisputed.

When petitioner was returned to custody pursuant to the executions of the parole violator warrants issued on June 14, 1961 and on October 26, 1967, the Parole Board correctly determined that the time he had spent on parole should not operate to diminish the time he was sentenced to serve. The action of the Board is authorized by Title 18 U.S.C. Section 4205 which provides:

"A warrant for the retaking of any United States prisoner who has violated his parole, may be issued only by the Board of Parole or a member thereof and within the maximum term or terms for which he was sentenced. The unexpired term of imprisonment of any such prisoner shall begin to run from the date he is returned to the custody of the Attorney General under said warrant, and the time the prisoner was on parole shall not diminish the time he was sentenced to serve."

The first parole violator warrant issued more than five years (June 14, 1961) after petitioner was initially incarcerated on May 25, 1956, and he, therefore, contends that he had completely fulfilled the sentence imposed under Criminal Case No. 12,806 and that he could not have been deemed in violation of parole as to it. He argues that his reconfinement could only have been for the purpose of serving the three year sentence imposed in Criminal Case No. 12,817, which was to have been served at the expiration of the five year sen-

tence. Likewise, more than three years had elapsed since his April 25, 1963 reconfinement when the second parole violator warrant issued on October 26, 1967, and he, therefore, contends that his second sentence had expired and that the second warrant was invalid. Thus, he contends that he has been illegally confined since the second warrant was executed against him on April 1, 1968.

■ The thrust of petitioner's argument is that because he was sentenced to serve consecutive sentences of five and three years, respectively, the Parole Board's aggregation of these two sentences into a single term for purposes of parole revocation was invalid. While the Parole Board is specifically required to aggregate consecutive sentences for determining parole eligibility[2] and for purposes of computing the applicable rate of good-time credit[3], petitioner argues that the authority to aggregate consecutive sentences is conspicuously absent with respect to parole revocation. Petitioner's argument that the Parole Board is statutorily required to aggreate consecutive sentences in determining parole eligibility but not for purposes of parole revocation does not withstand careful analysis. Title 18 U.S.C. Section 4202 provides, in part:

"A Federal prisoner * * * may be released on parole after serving one-third of such *term or terms* * * *." [emphasis added]

In a per curiam opinion, the Court in Newcombe v. Carter, 291 F.2d 202 (5th Cir. 1961) held that consecutive sentences, whether imposed by the same or different Federal Courts, should be aggregated in determining parole eligibility.

Title 18 U.S.C. Section 4205 authorizes the issuance of a parole violator warrant "within the maximum *term or terms* for which [the prisoner] was sentenced * * *" [emphasis added]. No reason has been demonstrated to this Court why the parallel language in Section 4202 and

2. Title 18 U.S.C. Section 4202.

3. Title 18 U.S.C. Section 4161.

**46**

Section 4205, the respective sections having been enacted on the same date [4] as part of a comprehensive codification and revision of the Federal criminal law and procedure, should not be given the same construction. The petitioner's application for writ of habeas corpus is, therefore, denied for the reason that the words "term or terms" in Title 18 U.S.C. Section 4205 requires that consecutive sentences be aggregated for purposes of parole revocation.

Petitioner's reliance upon the following authorities for the separate and distinct nature of consecutive sentences is misplaced: McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934); Crow v. United States, 186 F.2d 704 (9th Cir. 1950); Kay v. United States, 279 F.2d 734 (6th Cir. 1960); and quoting from Sprouse v. Settle, 274 F.2d 681 (8th Cir. 1960) at 684: "Legally, a sentence made consecutive to another is not able to be commenced to be served until the other has been executed or satisfied."

In McNally, supra, the prisoner had been sentenced on a three count indictment for a term of two years on the first count and for terms of four years each on the second and third counts, the sentence on the first to run concurrently with that on the second, the sentence on the second and third to run consecutively. The prisoner sought to challenge the validity of the sentence imposed pursuant to count three of the indictment by petitioning for a writ of habeas corpus while he was serving the sentence imposed under count two of the indictment. The Supreme Court held that under the terms of Section 14 of the Judiciary Act of September 24, 1789 the writ of habeas corpus only extended to prisoners "in custody" under color of law or in pursuance of the laws or Constitution of the United States. The separateness of consecutive sentences may be implied from the holding since the Court ruled that the prisoner, while serving the sentence of the second indictment (the first of two consecutive sentences) was not serving the sentence imposed under the third indictment for purposes of determining the jurisdictional requirement of "custody" in an application for a writ of habeas corpus.

In 1968, the Supreme Court overruled McNally, holding that "a prisoner serving consecutive sentences is 'in custody' under any one of them for purposes of [28 U.S.C.] § 2241(c) (3)." Peyton v. Rowe, 391 U.S. 54, 67, 88 S.Ct. 1549, 1556, 20 L.Ed.2d 426 (1968). The Crow decision, supra, applied the McNally prematurity doctrine to an appellant's motion to vacate a sentence pursuant to Title 28 U.S.C. Section 2255.

The appellant in Kay, supra, had been sentenced under three multiple count indictments. He was sentenced under each count of the first indictment to concurrent terms of five years. He was sentenced to terms of five years under the second indictment, the terms of each count to run concurrently but to begin at the termination of the service of the concurrent terms of the first indictment. He also received concurrent terms of five years under the third indictment, service of which was to begin upon the termination of service of the sentences imposed under the second indictment. The appellant contended that since the sentences were all entered on the same day each judgment became effective immediately upon his commitment, and that all portions of the sentences which were to have begun to be served subsequently were illegal under the provisions of Title 18 U.S.C. Section 3568. The Court held that the enactment of Title 18 U.S. C. Section 3568 did not deprive the Court of its powers to impose consecutive sentences. Citing McNally, the Court noted that "a prisoner serving the first of several sentences is not serving the other sentences". 279 F.2d 735.

In Sprouse, supra, the petitioner was committed as a juvenile delinquent. Due to a parole violation, he received an additional commitment until he reached his twenty-first birthday on June 6, 1956.

4. June 25, 1948, c. 645, 62 Stat. 854.

On August 14, 1953, he was sentenced to three additional years as an adult to run consecutive to his juvenile sentences. The Parole Board aggregated his juvenile and adult terms in computing "good-time" [5] and "conditionally released" him pursuant to Title 18 U.S.C. Section 4164 on February 21, 1957. A warrant for petitioner's retaking issued on August 1, 1957. Petitioner attempted to show that the warrant had issued within the last one hundred eighty days of his sentence and was, therefore, void under the terms of Title 18 U.S.C. Section 4164. In order to arrive at this conclusion, petitioner treated each of the three sentences as if it were the only sentence he was serving. That is, he reduced the first sentence by one hundred eighty days purportedly under authority of the mandatory release provision of Title 18 U.S.C. Section 4164, and further reduced the first sentence by another amount which he attributed to "good-time" and "industrial-time" [6] which he accrued while serving the first sentence. The effect of these calculations, petitioner argued, was to cause the second sentence to begin to be served several months earlier than the Parole Board recognized. Petitioner performed the same calculations in computing the duration of his second sentence, likewise shortening the second sentence, and in turn, petitioner argued, causing the third sentence to begin to be served at a substantially earlier date than the Parole Board admitted. From these calculations, petitioner determined that the violator warrant in question had issued within the last one hundred eighty days of his third sentence and was invalid under Title 18 U.S.C. Section 4164. The Court rejected the petitioner's reasoning holding that Section 4164 does not constitute a statutory one hundred eighty days commutation in the maximum term or terms of all prisoners and that the provisions [7] for aggregation of the lengths of consecutive sentences do not change or affect the length of the sentence or sentences against the prisoner, but merely provides a means by which it is possible for a prisoner to achieve a different form or mode of effecting service of part of the term or terms of the sentence existing against him.

The citation to the *Sprouse* case by the petitioner in the present case must be read in view of the holding of the case and also in the context of a full paragraph:

"[5] Legally, a sentence made consecutive to another is not able to be commenced to be served until the other has been executed or satisfied. It is not an execution or satisfaction of any part of a prisoner's sentence or sentences for him to have accumulated good-conduct and industrial-time credits on his penitentiary record. Such credits or allowances may, however, become the basis for an execution or satisfaction of the remaining portion of his sentence or sentences being effected, where they have become sufficient to entitle him to a conditional release and where he has throughout the period of the release (or until its final 180 days) conformed to the conditions of the release."

Petitioner's reliance on the *McNally*, *Crow* and *Kay* cases disregards the Supreme Court's decision in Peyton v. Rowe, *supra*. Petitioner's reliance upon the language in *Sprouse* is naively literal, and is, at best, tenuous when the language is read in context. In view of the decision subsequently handed down in Peyton v. Rowe, the language is not persuasive.

The law is with the respondent and against the petitioner on the undisputed facts of this petition.

5. Title 18 U.S.C. Section 4161.

6. Title 18 U.S.C. Section 4162.

7. Title 18 U.S.C. Section 4161 et seq.