**George L. HUMPHREY, Petitioner,**

**v.**

**Francis M. WILSON, United States Marshal, Western District of Missouri, Respondent.**

**Civ. A. No. 16719-3.**

United States District Court
W. D. Missouri, W. D.

Feb. 5, 1968.

the sentence was reduced to 13 years after he appealed the judgment of conviction and imposition of sentence to a Board of Review.

Petitioner's allegation that he is being held unlawfully is based on the following grounds:

"(a) More than 15 years has elapsed since service of sentence was commenced, June, 1949 (sic)

"(b) That the parole revocation warrant was issued as a result of a conviction of a municipal ordinance at Columbia, Missouri on or about September 19, 1967 in that he was denied effective assistance of counsel at all stages of the proceedings. (sic)

"(c) That the ordinance under which petitioner was convicted was unconstitutional because it is vague and indefinite." (sic)

Petitioner states that he is presently being illegally restrained because he had "completed and fully satisfied the term of years to which he was sentenced" before the parole violator's warrant had been issued; that the United States Board of Probation and Parole "has no jurisdiction over the person of the petitioner"; that in the alternative "the parole revocation warrant was issued on the ground of and as a result of an illegal conviction suffered by the petitioner under a municipal ordinance" at Columbia, Missouri, on or about September 19, 1967; that the alleged conviction is illegal because petitioner was denied the constitutional right to the effective assistance of counsel at the Municipal Court trial and on appeal of said conviction; that the municipal ordinance under which the petitioner was convicted is unconstitutional because it is vague and indefinite; and that even if the ordinance is constitutional and the conviction legal, "it is not a criminal conviction as defined by the conditions of parole."

Petitioner states that his contention that he was denied the "effective assistance of counsel at his conviction of a municipal ordinance at Columbia, Missouri" was presented to this Court in a petition

J. Whitfield Moody, Executive Director, Legal Aid and Defender Society of Greater Kansas City, Kansas City, Mo., for petitioner.

Calvin K. Hamilton, U. S. Atty., by Charles E. French, Asst. U. S. Atty., Kansas City, Mo., for respondent.

## ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING PETITION FOR HABEAS CORPUS WITHOUT PREJUDICE

BECKER, Chief Judge.

Petitioner, a federal military convict (alleged to be a mandatory release parole violator) confined in the Jackson County Jail, Kansas City, Missouri, pending a parole revocation hearing, has filed in this Court a second petition for a writ of federal habeas corpus and for leave to proceed in forma pauperis. Leave to proceed in forma pauperis will be granted.

Petitioner states that after a plea of not guilty, he was tried and convicted by United States Army Courtmartial; that on approximately February 24, 1949, he was sentenced by a court-martial to a term of 30 years; and that during 1950

for a writ of habeas corpus in Civil Action No. 1261; that he was represented in that cause by Granville Collins, Esquire, Circuit Defender; that a hearing was held on that petition; and that the petition was "dismissed by the court without prejudice and without determination of the issues involved on December 11, 1967."

On December 9, 1967, an emergency hearing on the merits of the first petition was held by stipulation of the parties in Columbia, Missouri. At that time, petitioner was serving a 90-day sentence in the Columbia City Jail which was imposed September 15, 1967, and which would expire December 17, 1967. The request of petitioner to hold this special hearing was based on the possible consequences of the challenged Municipal Court conviction upon petitioner's status as a mandatorily released parolee under the federal military court-martial sentence. As a result of petitioner's arrest and conviction in Columbia, the federal authorities issued a mandatory release parole violator's warrant for petitioner's arrest to be executed whenever petitioner was released from the Columbia City Jail.

After the hearing on the first petition for habeas corpus, it became apparent that there was not sufficient time remaining, before the expiration of the municipal jail term, for the complaints contained in that petition for habeas corpus to be presented at an evidentiary hearing and for petitioner's then present and future complaints to be adjudicated. The imminent expiration of the jail term would render moot the principal federal complaints. It was then agreed and directed that the matter should be resolved by the following procedure:

"(1) The petitioner's sentence should be commuted on or about December 12, 1967, by the Municipal Judge.

"(2) Petitioner should forthwith be released from Municipal custody to the federal authorities for arrest on the federal mandatory parole violator arrest warrant outstanding.

"(3) The commutation and release of the petitioner should be without prejudice to the claims of petitioner and of the City of Columbia concerning the validity of the Columbia Municipal Court conviction of September 19, 1967."

In dismissing the petition in Civil Action No. 1261, this Court stated:

"Under these circumstances it is recommended that the United States Board of Parole should not treat the Municipal Court conviction *per se* as proof of criminal misconduct; rather, the underlying evidence should be examined in the parole revocation proceedings and the conviction disregarded. Otherwise the parole revocation proceedings might later be determined to be tainted and invalid."

On December 20, 1967, petitioner, then in federal custody as a result of the execution of the parole revocation warrant, filed the petition herein by and through The Legal Aid and Defender Society of Greater Kansas City and J. Whitfield Moody, Executive Director and counsel for petitioner. At the same time a request for oral argument on the petition herein was made. On January 3, 1968, an oral argument was held in this cause. This Court requested respondent's counsel to secure additional information regarding petitioner's contentions that he had served his sentence and was entitled to release. The government was requested to state its position on this issue.

After the January 3, 1968, hearing government's counsel forwarded to this Court two letters from the Senior Analyst, United States Board of Parole, dated January 5, 1967, and January 23, 1968, respectively. These letters purport to show a chronological history of the record of the sentence which petitioner is required to serve. The following is a summary of the material portions of those letters:

1. Sentenced June 24, 1949, to a term of 30 years.

2. Sentence reduced to 15 years on August 15, 1950, by Army Clemency

action. Full expiration date of June 23, 1964.

3. Released on parole August 17, 1954, with a total of 3,598 days remaining to be served.

4. Parole violator warrant issued on December 7, 1956, and executed on July 13, 1960. Petitioner still accountable for 3,598 days.

5. Sentence reduced to 14 years on August 27, 1964. Sentence then recomputed to reflect 3,232 days as the number of days remaining to be served from July 13, 1960. Full term expiration date is now May 18, 1969.

6. Mandatorily released February 25, 1966, with a total of 1,178 days remaining to be served.

7. Sentence reduced on October 6, 1966, to 13 years, thus reducing the number of days remaining to be served to 813 with a full term expiration date now of May 18, 1968.

8. Mandatory release violator warrant issued on October 3, 1967, and executed on December 12, 1967.

■ Petitioner's contention that he had completed and fully satisfied the term of 13 years to which he was sentenced prior to the date the parole violator's warrant was executed on December 12, 1967, and that, therefore, the United States Board of Parole is without jurisdiction over the petitioner at the present time is without merit. The records of the United States Board of Parole disclose that the full term expiration date of petitioner's 13-year sentence is May 18, 1968.

■ Although more than 13 years have now passed since the original sentence was imposed on June 24, 1949, petitioner has still not served his sentence. Petitioner was released on parole on August 17, 1954, with a total of 3,598 days remaining to be served. On December 7, 1956, a parole violator's warrant was issued and was executed on July 13, 1960, thereby holding petitioner accountable for 3,598 days. In this regard, it is noted that the privilege granted to a pris-

oner whereby he is conditionally released from prison in no way affects the legal length of his term of commitment to custody. A conditional release is a substituted form of release from custody subject to applicable statutes and the rules and regulations administered by the Board of Parole. For misconduct while conditionally released, up and until the last 180 days of his maximum term or terms, he is subject to being retaken into custody on a warrant, having his previously earned good time forfeited, and being required to recommence service of his sentence "at the point where this had been left off when he was conditionally released." Sprouse v. Settle (C.A.8, 1960) 274 F.2d 681. Therefore, on July 13, 1960, petitioner began serving his sentence in prison and the days served thereafter were deducted from the number of days remaining (3,598) when he was released on parole on August 17, 1954.

When petitioner was mandatorily released on February 25, 1966, there remained 1,178 days of the reduced original sentence to be served as a result of a one-year reduction in the sentence which occurred on August 27, 1964. The full-term expiration date at this point was May 18, 1969. On October 6, 1966, petitioner received another one-year reduction in the original sentence thereby reducing the number of days to be served to 813 with the full-term expiration date set at May 18, 1968.

■ Petitioner contends, however, that on the date the mandatory release parole violator's warrant was executed (December 12, 1967) the United States Board of Parole was without jurisdiction over the petitioner. This contention is based on Section 4164, Title 18, U.S.C., which, in part, reads as follows:

"A prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days."

This section should be read in context with Section 4163, Title 18, U.S.C., which immediately precedes it:

"Except as hereinafter provided a prisoner shall be released at the expiration of his term of sentence less the time deducted for good conduct. A certificate of such deduction shall be entered on the commitment by the warden or keeper. If such release date falls upon a Saturday, a Sunday, or on a Monday which is a legal holiday at the place of confinement, the prisoner may be released at the discretion of the warden or keeper on the preceding Friday. If such release date falls on a holiday which falls other than on a Saturday, Sunday, or Monday, the prisoner may be released at the discretion of the warden or keeper on the day preceding the holiday."

■ Petitioner's theory is that because the date of *execution* of the mandatory release parole violator's warrant was within the 180-day period, the Board of Parole was without jurisdiction to obtain custody of petitioner and, therefore, he is being unlawfully restrained. This theory cannot be sustained under the applicable authorities.

Petitioner relies on the recent case of Birch v. Anderson (1965) 123 U.S.App. D.C. 153, 358 F.2d 520, to support his theory. If it is assumed that the rule of that case is sound, nevertheless it does not support petitioner's theory.

In the *Birch* case, the appellant had been convicted for violations of the federal narcotic laws and sentenced to five years imprisonment on September 17, 1959. On February 18, 1963, he was mandatorily released pursuant to Section 4163, Title 18, U.S.C. On December 5, 1963, he was arrested in the District of Columbia on a charge which was dismissed for lack of evidence. On January 9, 1964, he was arrested there again for violation of the uniform narcotic drug act (D.C.Code § 33–402(a)), and on June 5, 1964, he was convicted on that charge and sentenced to serve 360 days imprisonment. On March 21, 1964, 180 days be-fore the expiration of the maximum term sentence imposed on September 17, 1959, appellant's release became unconditional. On June 25, 1964, a parole violation warrant was issued againt appellant by the Board of Parole and was executed on December 18, 1964. The Board of Parole contended that by reason of the parole violation on January 9, 1964, and the arrest of December 5, 1963, appellant could be required to serve the full five year term of the 1959 sentence. In overruling this contention, the Court of Appeals for the District of Columbia stated the following at page 522 of 358 F.2d:

" * * * We conclude, however, that prior to the issuance of the warrant on June 25, 1964, the board had lost jurisdiction of appellant and accordingly his confinement by virtue of the issuance and execution of the warrant was invalid."

In the case at bar the mandatory release parole violator's warrant which was *issued* before the 180-day period on October 3, 1967, constituted a valid act within the jurisdiction of the Board of Parole. This is true even though such warrant was not *executed* until December 12, 1967, which was during the 180-day period. Sprouse v. Settle, supra.

■ While petitioner was mandatorily released on parole he was still in custody and control of the Board of Parole. And while he was confined under sentence in the Columbia City Jail he ceased to be under federal legal custody and control. The time served in the City Jail there does not count as time served on his original sentence. Hash v. Henderson (C.A.8, 1967) 385 F.2d 475. During this period, however, the running of his federal sentence and the period of his parole was interrupted. During this time, the jurisdiction of the Board of Parole was suspended but was not lost. When petitioner's custody in the Columbia City Jail was terminated, the Board of Parole's jurisdiction over defendant resumed and he was lawfully taken into custody on December 12, 1967. See, Taylor v. United States Marshal for Eastern

Dist. of Okl. (C.A.10, 1965) 352 F.2d 232.

In petitioner's first habeas corpus proceeding (Central Division Civil Action No. 1261), he was offered an evidentiary hearing so that his complaints of, among others, the denial of effective assistance of counsel and the constitutionality of the municipal ordinance under which he was convicted might be adjudicated. However, it was agreed that before an evidentiary hearing could be held to adjudicate petitioner's complaints the issues would be moot because of the expiration of the municipal sentence. In view of this, all parties agreed to a procedure for municipal commutation of petitioner's sentence on or about December 12, 1967, and release of petitioner to the custody of the federal authorities under the mandatory release parole violator's warrant. This procedure was prescribed in a written "Stipulation as to Facts Involved" and attached to the "Memorandum and Order Dismissing Petition Without Prejudice" in Civil Action No. 1261. By agreement, the question of petitioner's right to counsel in the municipal court was withdrawn from adjudication in the first habeas corpus in consideration of the commutation and recommendation of the court that the municipal conviction not be treated by the Board of Parole as *per se* proof of a parole violation. To attempt to raise this question again in this second proceeding a few days later is an abuse of the right of habeas corpus. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148.

Further, there is an adequate remedy in the parole revocation proceeding and in review of the result thereof by habeas corpus. The availability of habeas corpus to review action of the Board of Parole after revocation in circumstances as are presented while limited does exist. The United States Court of Appeals for the Eighth Circuit, in Wright v. Settle (C.A. 8, 1961) 293 F.2d 317, stated at page 319:

"It is subject to being raised only on the narrow basis that what was before

the Board compelled the conclusion as a matter of law that there had been no violation of the conditional release of parole, and that the Board therefore acted without authority in making the revocation. If any basis existed for the Board to find that violation was present, within the broad range of elements and aspects of appraisal open to it in such a situation, then the effect of its action of revocation cannot be touched, for a court may not in any manner engage in substituting its judgment for that of the Board. Cf. Freedman v. Looney, 10 Cir., 210 F.2d 56."

Because the mandatory release violator's warrant was issued prior to the 180-day period provided for in Section 4164, Title 18, U.S.C., as a result of the municipal court conviction, the Board of Parole was justified and had probable cause to execute the warrant on December 12, 1967. See, Hyser v. Reed (1963) 115 U.S.App.D.C. 254, 318 F.2d 225, cert. den. Thompson v. United States Board of Parole, 375 U.S. 957, 84 S.Ct. 446, 11 L. Ed.2d 315.

At this point in time, petitioner's conditional release, as if on parole, under Section 4164, Title 18, U.S.C., has not been revoked and the release terminated by the Board of Parole under Section 4207, Title 18, U.S.C. Petitioner has not yet been found to be a parole violator, and it should not be assumed that petitioner's rights will not be adequately protected in the parole revocation proceeding. As stated above, this Court's memorandum and order in Civil Action No. 1261 "recommended that the United States Board of Parole should not treat the Municipal Court conviction *per se* as proof of criminal misconduct."

It is for the Board of Parole in the first instance to determine if cause existed for revocation of the parole of petitioner. Other causes may exist. One other is suggested by petitioner's presence in the Western District of Missouri at Columbia, when convicted, when the District of supervision was the Eastern District of Missouri.

Therefore, the petition for habeas corpus should be dismissed. It is, therefore

Ordered that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Ordered that the petition for a writ of federal habeas corpus herein be, and it is hereby, dismissed without prejudice.