Mendell WILLIAMS, Petitioner,

v.

Dr. P. J. CICCONE, Director, United States Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.

Civ. A. No. 17008–3.

United States District Court
W. D. Missouri, W. D.

Oct. 23, 1968.

Mendell Williams, pro se.

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING PETITION WITHOUT PREJUDICE

BECKER, Chief Judge.

Petitioner, a military prisoner confined in the United States Medical Center for Federal Prisoners, Springfield, Missouri, petitions this Court for habeas corpus and for leave to proceed in forma pauperis. The petitioner, supplemented by the official records, discloses the following facts.

After a plea of not guilty to a charge of violating Article 118 of the Uniform Code of Military Justice (Murder; Sec-

tion 712, Title 50, U.S.C.), petitioner was convicted by a United States Army General Court-Martial. On June 5, 1953, he was sentenced to a life term. The convening authority reduced the sentence to a 30-year term (pursuant to Article 64; Section 651, Title 50, U.S.C.). The board of review affirmed the judgment of conviction and the 30-year term (pursuant to Article 66; Section 653, Title 50, U.S.C.). Petitioner has filed a motion under Section 2255, Title 28, U.S.C., which was denied in September, 1967, by the United States District Court for the District of Kansas; and states that he does not know whether or not he was represented by counsel at his trial or on review of his conviction.

The grounds which petitioner states are the basis for his allegation that he is unlawfully confined are that he is entitled to his earned statutory good time; that Section 4161, Title 18, U.S.C., provides that statutory good time becomes vested and not subject to forfeiture when earned; that he has not violated any institutional rules and that his good time cannot be taken from him; and that the date of his mandatory release (December 10, 1964) terminated his sentence and he should not be required to serve the good time which he had earned prior to that date.

The following is a chronological history of petitioner's record as shown by the files and records in this case:

1. Sentenced June 5, 1953, to a life term after conviction on a charge of murder by a General Court-Martial; term reduced to 30 years on July 6, 1953, by the convening authority and affirmed on January 18, 1954, by a board of review.

2. Sentence reduced to 27 years on February 9, 1959.

3. Sentenced January 22, 1960, to 18 months after conviction on a charge of wrongful appropriation and on a charge of violating conditions of his parole; affirmed by a board of review on August 8, 1960.

4. Sentence reduced to 25 years on February 13, 1962.

5. Sentence reduced to 21 years on January 29, 1963.

6. Sentence reduced to 19 years on January 20, 1964.

7. Sentence of January 20, 1960, remitted.

8. Sentence reduced to 17 years and seven months on December 7, 1964.

9. Mandatorily released on December 10, 1964, with 2,217 days remaining to be served.

10. Mandatory release violator's warrant issued on October 11, 1965, and executed on November 10, 1965.

11. Mandatorily released on August 3, 1966, with 1,950 days remaining to be served.

12. Mandatory release violator's warrant issued on June 30, 1967, and executed on the same day.

13. Sentence now expires May 3, 1972; with good time credit, sentence expires January 29, 1971.

The gist of petitioner's complaint is that his mandatory release on December 10, 1964, with credit for accrued good time pursuant to Section 4163, Title 18, U.S.C., terminated his sentence and he can not now be required to serve the accrued good time which entitled him to be mandatorily released. This contention is without merit and the petition for federal habeas corpus will be dismissed without prejudice.

A federal prisoner who has served his full term less the credit provided for good time under Section 4161, Title 18, U.S.C., is subject to the mandatory release provisions of Section 4163, Title 18, U.S.C. Weber v. Willingham (C.A. 10, 1966) 356 F.2d 933, cert. den. 384 U.S. 991, 86 S.Ct. 1897, 16 L.Ed.2d 1008. Also, a prisoner who is released as a mandatory releasee is subject to the same conditions of release as a parolee and is not entitled to an unconditional release after serving his full term less credit for good time allowance. Section 4164, Title 18, U.S.C.; Robinson v. Wil-

lingham (C.A. 8, 1966) 369 F.2d 688; Humphrey v. Wilson (W.D.Mo., 1968) 281 F.Supp. 937. In a prior application to the District of Kansas a similar ruling was made. Section 4164 is applicable to military prisoners. Mitchell v. Kennedy (C.A. 10) 344 F.2d 935.

 The privilege granted to a prisoner whereby he is conditionally released from prison in no way affects the legal length of his term of commitment to custody. A conditional or mandatory release is a substituted form of release from custody subject to applicable statutes and the rules and regulations administered by the Board of Parole. For misconduct while conditionally released, up and until the last 180 days of his maximum term or terms, he is subject to being retaken into custody on a warrant, having his previously earned good time forfeited, and being required to recommence service of his sentence "at a point where this had been left off when he was conditionally released." Sprouse v. Settle (C.A. 8, 1960) 274 F.2d 681, l. c. 684; Humphrey v. Wilson, supra.

 When petitioner was mandatorily released on December 10, 1964, there remained 2,217 days of reduced original sentence to be served. The full-term expiration date at this point was December 5, 1971. On August 3, 1966, when petitioner was mandatorily released a second time, there remained 1,950 days of the reduced original sentence to be served. Petitioner's full-term now expires on October 30, 1972. Petitioner does not contest the validity of the issuance or execution of either of the mandatory release parole violator's warrants. Therefore, the petitioner is currently lawfully confined as a mandatory release parole violator subject to service of 1,950 days on his original reduced sentence.

For the foregoing reasons, it is

ORDERED that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

ORDERED that the petition for federal habeas corpus herein be, and it is hereby, dismissed without prejudice.