**Charles Ray TIPPITT, Petitioner-Appellant,**

v.

**UNITED STATES BOARD OF PAROLE et al., Respondents-Appellees.**

**No. 71-1077.**

United States Court of Appeals, Sixth Circuit.

July 29, 1971.

Charles Ray Tippitt, in pro. per.

Eugene E. Siler, Jr., U. S. Atty., Lexington, Ky., on brief, for respondents-appellees.

Before PHILLIPS, Chief Judge, and EDWARDS and CELEBREZZE, Circuit Judges.

PER CURIAM.

The issue on this appeal is whether a prisoner who has been released from a federal prison after serving his maximum sentence minus good time is subject to the continuing jurisdiction of the United States Board of Parole.

Tippitt began to serve his ten year sentence on March 6, 1964, for the interstate transportation of a stolen motor vehicle and the sale or receipt of the vehicle in violation of 18 U.S.C. §§ 2312–13. He was discharged from custody on February 3, 1970, pursuant to 18 U.S.C. § 4163. He subsequently was arrested on October 20, 1970, upon a mandatory release violation warrant for parole violation and was returned to the United States Penitentiary at Atlanta, Georgia, and appeared before the Parole Board at its April 1971 meeting. The Parole Board assigned him a new parole date of July 14, 1971.

Tippitt contends that he has served the maximum permissible sentence and that he should not have been treated as if he were released on parole. He argues that § 4163 and § 4164 of 18 U.S.C., are in conflict and that a mandatory release should not be subject to the terms and conditions of parole.

Section 4163 reads in part as follows: "Except as hereinafter provided a prisoner shall be released at the expiration of his term of sentence less the time deducted for good conduct."

Section 4164 provides as follows: "A prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred eighty days." In dismissing the petition District Judge Mac Swinford correctly held that § 4163 must be read in conjunction with § 4164. Judge Swinford said:

"Section 4163 makes it mandatory for those prisoners who have accumulated good behavior credits to be released when their accumulated good behavior time plus the time actually served equals the maximum length of the imposed sentence. The release itself is mandatory, but the freed prisoner is subject to regulation by the parole board for that period of time (less 180 days) which he did not have to serve because of good behavior credit. Good behavior allowances do not commute the sentence, but only enable the prisoner to obtain an earlier release."

We concur in this holding, which is in accord with the decision of this court in United States ex rel. Jacobs v. Barc, 141 F.2d 480 (6th Cir.), cert. denied, 322 U. S. 751, 64 S.Ct. 1262, 88 L.Ed. 1581. *See also* Williams v. Ciccone, 415 F.2d 331 (8th Cir.); Robinson v. Willingham, 369 F.2d 688 (10th Cir.); Allen v. Heer, 361 F.2d 481 (6th Cir.).

It appears that Tippitt was accorded a parole violation hearing as provided by 18 U.S.C. § 4207. No other issue of substance is presented on this appeal.

Affirmed.