391 F.Supp. 362 (1975)
Thomas SARGIS, Plaintiff,
v.
UNITED STATES BOARD OF PAROLE and William B. Saxbe, Attorney General of the United States of America, Defendants.
No. 74-751 C (1).
United States District Court, E. D. Missouri, E. D.
March 4, 1975.
*363 Donald L. Wolff, Wolff & Todt, Clayton, Mo., for plaintiff.
Donald J. Stohr, U. S. Atty., St. Louis, Mo., for defendants.

MEMORANDUM
MEREDITH, Chief Judge.
This action is before the Court on the defendants' motion to dismiss. All the material facts have been stipulated to by the parties, and briefs have been filed on both sides. For reasons set out below, this action shall be treated as a petition for habeas corpus.
The facts, as stipulated, are:
1. Thomas Sargis is a citizen of the United States of America.
2. Thomas Sargis resides in the Eastern District of Missouri.
3. Thomas Sargis was sentenced to four years for unlawful possession of stolen mail matter. He began serving his sentence in January of 1971 at the United States Penitentiary at Terre Haute, Indiana. On May 24, 1974, Mr. Sargis was placed on mandatory release. He is to remain on this status until August of 1975. While on this status Mr. Sargis is subject to the same conditions as if he were on parole. As a mandatory releasee, he was automatically released at the termination of his prison term less credits accrued for statutory good time. There was no discretion in the Parole Board to deny a mandatory release nor on Mr. Sargis' part to accept a mandatory release.
The twelve conditions which Mr. Sargis must obey are:
"(1) You shall go directly to the district shown on this CERTIFICATE OF PAROLE (unless released to the custody of other authorities). Within three days after your arrival you shall report to your parole adviser if you have one, and to the United States Probation Officer whose name appears on this Certificate. If in any emergency you are unable to get in touch with *364 your parole adviser or your probation officer or his office, you shall communicate with the United States Board of Parole, Department of Justice, Washington, D. C. 20537.
"(2) If you are released to the custody of other authorities, and after your release from physical custody of such authorities, you are unable to report to the United States Probation Officer to whom you are assigned within three days, you shall report instead to the nearest United States Probation Officer.
"(3) You shall not leave the limits fixed by this CERTIFICATE OF PAROLE without written permission from the probation officer.
"(4) You shall notify your probation officer immediately of any change in your place of residence.
"(5) You shall make a complete and truthful written report (on a form provided for that purpose) to your probation officer between the first and third day of each month, and on the final day of parole. You shall also report to your probation officer at other times as he directs.
"(6) You shall not violate any law. Nor shall you associate with persons engaged in criminal activity. You shall get in touch immediately with your probation officer or his office if you are arrested or questioned by a law-enforcement officer.
"(7) You shall not enter into any agreement to act as an `informer' or special agent for any law-enforcement agency.
"(8) You shall work regularly unless excused by your probation officer, and support your legal dependents, if any, to the best of your ability. You shall report immediately to your probation officer any changes in employment.
"(9) You shall not drink alcoholic beverages to excess. You shall not purchase, possess, use, or administer marihuana or narcotic or other habit-forming or dangerous drugs, unless prescribed or advised by a physician. You shall not frequent places where such drugs are illegally sold, dispensed, used or given away.
"(10) You shall not associate with persons who have a criminal record unless you have permission of your probation officer.
"(11) You shall not have firearms (or other dangerous weapons) in your possession without the written permission of your probation officer, following prior approval of the United States Board of Parole.
"(12) You shall, if ordered by the Board pursuant to Section 4203, Title 18, U.S.C., as amended October, 1970, reside in and/or participate in a treatment program of a Community Treatment Center operated by or contracted by the Bureau of Prisons, for a period not to exceed 120 days.
"I have read, or had read to me, the foregoing conditions of parole. I fully understand them and known that if I violate any of them, I may be recommitted. I also understand that special conditions may be added or modifications of any condition may be made by the Board of Parole at any time."
These conditions are the same conditions that Thomas Sargis would have to obey if he were on parole, rather than mandatory release.
These conditions are pursuant to 28 C.F.R., Sec. 2.1 et seq. It is also important to note that plaintiff has not alleged that he has been charged with any violation of the above conditions, and there is no parole revocation proceeding pending against him.
The Amended Complaint seeks habeas corpus relief under 28 U.S.C. § 2241, declaratory relief under 28 U.S.C. § 2201, and injunctive relief in the form of mandamus under 28 U.S.C. § 1361. Plaintiff also seeks to proceed with a class action on behalf of all other persons *365 subject to conditions of mandatory release under 18 U.S.C. §§ 4163, 4164.
Plaintiff's Amended Complaint charges that subjecting a prisoner released under the mandatory release provisions of 18 U.S.C. §§ 4163, 4164 to the same conditions as one who is released on parole under 18 U.S.C. §§ 4202, 4208, is a denial of due process, and thereby unconstitutional. The Amended Complaint also charges that certain of the conditions themselves are void. The third contention is that the Parole Board has construed 18 U.S.C. §§ 4163, 4164 so as to violate certain of the plaintiff's civil rights.
Because the plaintiff is subject to these conditions which operate as a restraint upon his freedom, he is sufficiently in the custody of the Government to have standing to petition this Court for a writ of habeas corpus. See Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), Morden v. U. S. Board of Parole, 376 F.Supp. 226 (W.D.Mo.1974). Because this suit is really no more than a challenge to the legality and constitutionality of the exercise and control over plaintiff's person by the Government, habeas corpus is an adequate remedy, and preferred over declaratory judgment. See Gregory v. U. S. Board of Parole, 308 F.Supp. 258 (W.D.Mo.1969). Also where habeas corpus is available, it is preferred over mandamus, because mandamus is an extraordinary remedy which is used when no other remedy is available, Lovallo v. Froehlke, 468 F.2d 340 (2nd Cir. 1972), cert. den. 411 U.S. 918, 93 S.Ct. 1555, 36 L.Ed.2d 310 (1973). In this case the relief, if granted, would be the same under either theory of action, namely, removal of the conditions.

I.
Plaintiff contends that imposing on prisoners who are released under the mandatory release provisions of 18 U.S.C. § 4163, conditions that are the same as those imposed on prisoners released on parole under 18 U.S.C. §§ 4202 and 4208 is a denial of due process. The basis of his argument is the contention that there is some difference in the status of the two types of releasees. A careful reading of the statute clearly shows that such is not the case. Section 4163 states:
"Except as hereinafter provided a prisoner shall be released at the expiration of his term of sentence less the time deducted for good conduct."
However, the clear wording of the section makes it subject to the next section, 18 U.S.C. § 4164, which states:
"A prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days."
The two sections read together, as they must be, Humphrey v. U. S. Board of Parole, 438 F.2d 1214 (3rd Cir. 1971), show that Congress clearly intended that prisoners released under the mandatory release program are to be treated the same as those released on parole at the discretion of the Parole Board. Release under Section 4163 does not shorten the sentence, but only determines what part of that sentence may be served outside the confines of the prison. Sprouse v. Settle, 274 F.2d 681 (8th Cir. 1960), Williams v. Ciccone, 415 F.2d 331 (8th Cir. 1969). Therefore, mandatory release and parole are but two avenues to the same conditional release status.
Plaintiff argues that, because mandatory releasees do not have the choice to turn down the release, as do parolees, applying the same conditions to both is a denial of due process. The Court finds no merit to this argument. As noted above, the release under Section 4163 is not unconditional. It is a constitutional exercise of the legislative authority to curtail punishment and place conditions thereon. The conditions are as mandatory as the release, and the acceptance or dissent of the prisoner does not affect their imposition. See Singleton *366 v. Looney, 218 F.2d 526 (10th Cir. 1955). After the conditional release under Section 4163, the prisoner has the status of a parolee for the maximum duration of his sentence. Morneau v. U. S. Board of Parole, 231 F.2d 829 (8th Cir. 1956), cert. den. 351 U.S. 972, 76 S.Ct. 1037, 100 L.Ed. 1490 (1956). The only thing that is mandatory under Section 4163 that is discretionary under Section 4202 is the time at which the conditional release status is to start.

II.
Plaintiff also contends that two of the conditions are void by reason of having been superceded by other statutes. He contends that condition number eleven which states:
"You shall not have firearms (or other dangerous weapons) in your possession without the written permission of your probation officer, following prior approval of the United States Board of Parole."
has been superceded by 18 U.S.C. 921 et seq., which deals with the unlawful receipt or possession of firearms. He also contends that condition number nine, which states:
"You shall not drink alcoholic beverages to excess. You shall not purchase, possess, use, or administer marihuana or narcotic or other habitforming or dangerous drugs, unless prescribed or advised by a physician. You shall not frequent places where such drugs are illegally sold, dispensed, used or given away."
is void by reason of having been superceded by 18 U.S.C. § 4203, which permits the Parole Board to make special provisions for addicts and persons dependent on drugs. Neither of these statutes supercede the conditions of parole. 18 U.S.C. § 921 et seq., does not deal just with the parole situation, but is a general law applying to all persons. 18 U.S.C. § 4203 is designed to deal with a special category of parolees into which plaintiff does not fit.
Plaintiff contends that condition number ten, which reads:
"You shall not associate with persons who have a criminal record unless you have permission of your probation officer."
is unconstitutionally vague and overbroad. In support of this argument, plaintiff cites Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), in which Chief Justice Burger characterized some parole conditions as "quite vague", 408 U.S. at 479, 92 S. Ct. 2593. However, that vagueness did not cause the Supreme Court to rule that any of the conditions were unconstitutional, but only that a parolee was entitled to a hearing before his parole could be revoked for breach of one of those conditions. A condition substantially the same as condition number ten here, was challenged in the Supreme Court in Arciniega v. Freeman, 404 U.S. 4, 92 S.Ct. 22, 30 L.Ed.2d 126 (1971). In that case, the Court placed a limiting interpretation on the condition, but did not throw it out as being unconstitutionally vague. That case arose out of a parole revocation, which is not the case here. This particular condition has not been construed in any way against the plaintiff, and this Court is not convinced that it is so vague, on its face, that it can be ruled unconstitutional in a factual vacuum, such as is presented here. Plaintiff is amply protected from unwarranted revocation of his conditional release, for a violation of this condition by the rules laid down in the Morrissey and Arciniega cases.

III.
Plaintiff's third contention, that the Parole Board has construed 18 U.S. C. §§ 4163, 4164 so as to violate the plaintiff's fundamental civil rights is also without merit. The Supreme Court in Morrissey, supra, recognized that parolees are not released from prison as an act of clemency, but are allowed to serve out the rest of their sentences outside the prison walls. The purpose of parole *367 is to help the prisoners to reintegrate into society, and also to alleviate the cost to society of keeping them in prison. The Court further pointed out that to accomplish this purpose, parolees are subject to conditions that restrict their activities substantially beyond the restrictions imposed by law on ordinary citizens. 408 U.S. 477-478, 92 S.Ct. 2593. Therefore, this Court is not willing to strike down the conditions of plaintiff's conditional release on a very vague and conclusory allegation that amounts to no more than a complaint that this plaintiff is not being accorded the same unrestricted freedom that the ordinary citizen enjoys. He must earn that status by serving out the rest of his sentence.
The motion of the defendants shall be granted, the petition for habeas corpus shall be denied, and the entire action shall be dismissed with prejudice.