In the Matter of the ESTATE of William J. HUTCHINSON, Deceased.

No. 3570.

Supreme Court of Alaska.

May 5, 1978.

Joseph W. Sheehan, Fairbanks, for petitioner.

James D. DeWitt, Call, Haycraft & Fenton, Fairbanks, for respondent.

OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

MATTHEWS, Justice.

This case is here on a petition for review of a superior court order giving priority to family allowances over costs of estate administration. The decedent had seven children by his first marriage and one child by his second. His will left all his property to his two oldest children, one of whom is the personal representative of the estate. The child of the second marriage and three of the children of the first marriage are minors. Family allowances were granted to all of the minor children. According to the petitioner, when the approved creditors' claims are added to the family allowances granted by the court, the threshold of insolvency will be approached and perhaps crossed. Petitioner alleges that decedent's widow claims a substantial portion of the assets of the estate as her own. A trial is now pending on that claim, and petitioner suggests that the estate will be unable to defend itself if the order giving family allowances priority over administrative expenses, including attorney's fees, is upheld.

Alaska is one of several states which has adopted the Uniform Probate Code. One section of the Code, AS 13.11.135(a), provides that family allowances have priority over all claims except homestead allowances.[1] The word "claims" is defined in AS

1. AS 13.11.135 provides:

*Family allowance.* (a) In addition to the right to homestead allowance and exempt property allowance, if the decedent was domiciled in this state, the surviving spouse and minor children whom the decedent was obligated to support and children who were in fact being supported by him are entitled to a reasonable allowance in money out of the estate for their maintenance during the period of administration, which allowance may not continue for longer than one year if the estate is inadequate to discharge allowed claims. The allowance may be paid as a

13.06.050(4) and expressly includes expenses of administration.[2] When only those two statutory sections are referred to, family allowances clearly have priority over expenses of administration. However, petitioner argues that another section of the Code reverses the order of priority. AS 13.16.470(a) sets forth the sequence for payment of "claims" in cases of insolvency as follows:

(1) costs and expenses of administration;

(2) reasonable funeral expenses;

(3) debts and taxes with preference under federal law;

(4) reasonable and necessary medical and hospital expenses for the last illness of the decedent, including compensation of persons attending him;

(5) debts and taxes with preference under other laws of this state;

(6) all other claims.

If the word "claims" as used in AS 13.16.-470(a) includes family allowances, there is a conflict between this section and AS 13.11.-135(a) because family allowances would be placed in category five while expenses of administration are in category one. The word "claims" includes "liabilities of the estate which arise at or after the death of the decedent . . ."[3]. Family allowances seem to be within that definition;

they are liabilities of the estate, and they arise at or after the death of the decedent.

The foregoing should serve to define the problem. If family allowances are claims as that term is defined in the Code there are two sections which set conflicting priorities: AS 13.11.135(a), which gives family allowances priority over expenses of administration, and AS 13.16.470(a), which grants administration expenses priority over family allowances. This question is one of first impression in Alaska and we have found no pertinent authority from other jurisdictions which have adopted the Uniform Probate Code.

▇▇▇ It is an established principle of statutory construction that all sections of an act are to be construed together so that all have meaning and no section conflicts with another. Further, where one section deals with a subject in general terms and another deals with a part of the same subject in a more detailed way, the two should be harmonized, if possible; but if there is a conflict, the specific section will control over the general.[4] When these principles are applied to this case, it becomes apparent that family allowances should be given priority over expenses of administration for the following reasons.

First, AS 13.11.135(a) and AS 13.16.470(a) can be construed harmoniously if, and only

lump sum or in periodic installments. It is payable to the surviving spouse, if living, for the use of the surviving spouse and minor and dependent children; otherwise to the children, or persons having their care and custody; but in case any minor child or dependent child is not living with the surviving spouse, the allowance may be made partially to the child or his guardian or other person having his care and custody, and partially to the spouse, as their needs may appear. *The family allowance is exempt from and has priority over all claims but not over the homestead allowance.* (emphasis added)

**2.** AS 13.06.050 provides:

*General definitions.* Subject to additional definitions contained in the subsequent chapters which are applicable to specific chapters or sections, and unless the context otherwise requires, in this code:

 * * * * * *

(4) "claims," in respect to estates of decedents and protected persons, includes liabili-

ties of the decedent or protected person whether arising in contract, in tort or otherwise, and liabilities of the estate which arise at or after the death of the decedent or after the appointment of a conservator, including funeral expenses and expenses of administration; the term does not include estate or inheritance taxes, demands or disputes regarding title of a decedent or protected person to specific assets alleged to be included in the estate.

**3.** *Id.*

**4.** 2 J. Sutherland, Statutes and Statutory Construction §§ 4703, at 336–337; 5201, at 531–533; 5204, at 541–543 (3d ed. 1943); *City of Anchorage v. Scavenius,* 539 P.2d 1169, 1174 (Alaska 1975); *Easom v. Farmers Insurance Co., Inc.,* 221 Kan. 415, 560 P.2d 117 (1977); *Thielebeule v. M/S Nordsee Pilot,* 452 F.2d 1230 (2d Cir. 1971).

if, family allowances are not found to be within the meaning of the word "claim" as defined in AS 13.06.050. That is a permissible reading of the section because family allowances are not specifically included there as are, for example, expenses of administration. The wording of AS 13.11.-135(a) itself casts doubt on whether family allowances were meant to be included within the meaning of the word "claims." It states that family allowances have priority over "all claims," not "all *other* claims." [5] Moreover, the recipient of a family allowance is treated by other sections of the Code as a "distributee" rather than a "claimant." [6]

Second, assuming that "claims" includes family allowances and that the statutes are therefore in conflict, the more specific statute should control. AS 13.11.135(a) is the statute of greater specificity. It deals only with family allowances and states that they have priority over all claims with unmistakable clarity. AS 13.16.470(a), on the other hand, is much broader. It deals with the priorities for all categories of claims.

▮▮▮ The result we reach is consistent with what we perceive to be the purpose of the family allowance, that is, to allow the dependents of the decedent the money to provide themselves with the necessities of life which, in many cases, they had been receiving from the decedent before his death.[7] As one commentator has stated, concerning family allowances:

> It is only fitting, however that a decedent's family, after his death, should be protected to the extent that the decedent himself could protect them during his lifetime. Those who dealt with the decedent did so with knowledge of the existence of such provisions for the protection of himself and his family, and only upon

the margin of his credit over such exemptions. It is therefore in no sense unfair to them that such provisions be continued in effect after his death, for the benefit of his family. The public welfare, moreover, is largely involved. If indigent widows and orphans were to be left wholly without means of support, a great burden would be cast upon society and they would frequently be left to suffer for faults which they were without power or capacity to oppose. It is repeatedly and soundly declared, accordingly, that the statutory rights of the family of a decedent to maintenance and support and to such protection against deprivation of the bare necessities of life as is accorded by the exemption and homestead laws and continued for their benefit, although in derogation of the common law, are strongly favored and are to be liberally construed in view of their humanitarian purpose.

3 *Bancroft's Probate Practice*, § 687, at 331 (2d ed. 1950). To be effective in cases of need, family allowances must be paid promptly after death. However, if family allowances are in the fifth category of priority under AS 13.16.470(a), the prudent personal representative will be often reluctant to make prompt family allowance payments. If the assets of the estate are exceeded by claims falling within the first four categories, he would subject himself to personal liability by paying family allowances,[8] and he would not be able to determine whether such claims exceed the estate's assets until the four-month period for presentation of claims has passed.[9] It seems unlikely that the authors of the Code and the legislators who enacted it intended that the dependents of the deceased should have to wait four months for money which

---

**5.** The same subsection anticipates the fact of an insolvent estate and distinguishes between the family allowance and "claims" in the following language: ". . . which allowance may not continue for longer than one year if the estate is inadequate to discharge allowed claims."

**6.** AS 13.16.560(a)(2) and .575; and AS 13.16.-635 (Supp.1977).

**7.** *In re Hewett's Estate*, 358 P.2d 579, 581 (Alaska 1961).

**8.** AS 13.16.480(b).

**9.** AS 13.16.460.

is intended to continue to supply them with the daily necessities of life previously provided by the deceased. For these reasons the order of the Superior Court is affirmed.

AFFIRMED.