Bradford MORTON, Appellant,

v.

Governor Jay HAMMOND, o/b/o State of Alaska, and Sam Trivette, Executive Director of Alaska Board of Parole, Appellees.

No. 4882.

Supreme Court of Alaska.

Dec. 7, 1979.

Charles D. Sivley, Jr., Merdes, Schaible, Staley & Delisio, Fairbanks, for appellant.

Robert Coats, Asst. Atty. Gen., Fairbanks, Avrum M. Gross, Atty. Gen., Juneau, for appellees.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER and MATTHEWS, JJ.

## OPINION

BOOCHEVER, Justice.

This appeal presents us with a question of first impression: whether the mandatory release of an incarcerated prisoner under

AS 33.20.030–.040 [1] may be administratively revoked by the Alaska Board of Parole.

Bradford Morton was convicted in April, 1974, of burglary in a dwelling, and was sentenced to six years imprisonment. In November, 1976, Morton was granted parole, only to have it revoked in October, 1977, on various grounds, including a conviction on his plea of guilty to robbery. He was sentenced to serve seventeen and one-half months of the original sentence, without the possibility of parole.[2] He was released on March 1, 1979, under the provisions of AS 33.20.030 and .040 which require the release of a prisoner when he has served the term for which he was sentenced less good time. When released, Morton had 545 days of good time accrued. This period is apparently the same as the remaining portion of the maximum term to which he was sentenced. In accordance with the provisions of AS 33.20.040(a) that a prisoner released with more than 180 days to serve under his sentence be considered as if released on parole until the maximum term for which he was sentenced less 180 days has been served, the Division of Corrections concluded that Morton was subject to the jurisdiction of the parole board for 365 days after March 1 (545 days − 180 days = 365 days).

In June, 1979, Morton allegedly committed a number of criminal acts in violation of the conditions of his release and also in violation of the laws of the State of Alaska. A member of the parole board issued a warrant for his detention on June 13, and Morton was arrested on July 4. He is currently incarcerated, as his release has been revoked by the board.

On July 12, Morton filed an "Application for Adjustment of Sentence," pursuant to Alaska R.Crim.P. 35, claiming that the parole board no longer had supervisory authority over him. A hearing was held before the superior court on August 19, which orally denied Morton's application. This appeal has followed.

Alaska's mandatory release scheme is derived from 18 U.S.C. §§ 4161–66.[3] The wording of § 4164 is very close to that of AS 33.20.040(a):

A prisoner having served his term or terms less good-time deductions shall upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days.

Several federal decisions have held that § 4164 clearly contemplates that a prisoner released more than 180 days before the expiration of his or her term is subject to the jurisdiction of the federal parole authorities.[4]

1. AS 33.20.030 reads:
 *Discharge.* A prisoner shall be released at the expiration of his term of sentence less the time deducted for good conduct. A certificate of deduction shall be entered on the commitment by the warden, keeper, or the commissioner.
 AS 33.20.040(a) reads:
 *Released prisoner as parolee.* (a) A prisoner serving the term or terms for which he was sentenced less good time deductions shall be released unconditionally if there remains less than 180 days to serve under his sentence. If there remains more than 180 days to serve under his sentence a prisoner, upon release, shall be considered as if released on parole until the expiration of the maximum term or terms for which he was sentenced less 180 days.
 The two types of good time are defined in prior sections: time for good conduct in AS 33.20.-010, and time for good employment or meritori-

ous service in connection with prison operations in 33.20.020.

2. In February, 1978, the no-parole provision was excised. However, the parole board did not grant Morton parole.

3. The Judiciary Committee of the Alaska House of Representatives, in recommending the passage of AS 33.20.010–.060, reported, "The principle of good time for prisoners should be adopted into Alaska law as it is found in present federal laws dealing with Alaska." 1960 House Journal at 194.

4. *E. g., Tippitt v. U. S. Bd. of Parole,* 446 F.2d 26 (6th Cir. 1971); *Desmond v. U. S. Bd. of Parole,* 397 F.2d 386 (1st Cir.), *cert. denied,* 393 U.S. 919, 89 S.Ct. 249, 21 L.Ed.2d 206 (1968); *Sargis v. U. S. Bd. of Parole,* 391 F.Supp. 362 (E.D.Mo.1975); *Williams v. Ciccone,* 293 F.Supp. 271 (W.D.Mo.1968), *aff'd,* 415 F.2d 331 (8th Cir. 1969).

Morton argues that the Alaska statute must be interpreted differently because it conflicts with that part of the Alaska parole statute, AS 33.15.190, which reads: "A prisoner released on parole remains in the legal custody of the [parole] board until the expiration of the maximum term or terms to which he was sentenced, less good time allowances provided by law." This statute, Morton contends, makes it clear that one released as he was, having served his sentence less good time allowances, can no longer be subject to the parole board's jurisdiction. We are confronted with two provisions that seem almost hopelessly in conflict. Under AS 33.20.040 there remained more than 180 days to be served under Morton's sentence, and, since Morton had served his term less good time deductions, he was "[to] be considered as if released on parole until the expiration of the maximum term or terms for which he was sentenced less 180 days."

AS 33.15.190 dealing with the term of parole specifies: "A prisoner released on parole remains in the legal custody of the board until the expiration of the maximum term or terms to which he was sentenced, less good time allowances provided by law." Under this provision Morton no longer could remain under the legal custody of the parole board since his maximum term, less good time allowances, had expired.

The state argues that we should give effect to AS 33.20.040 contending that it deals with the subject in a more detailed way than does AS 33.15.190. *See In Re Estate of Hutchinson*, 577 P.2d 1074, 1075 (Alaska 1978). We fail to see, however, where one section is more specific than the other. We believe that the controlling rule of statutory construction should be that which requires us to reconcile conflicting provisions, if possible.[5]

 Under AS 33.15.190, when the prisoner's term less good time has expired, he no longer remains in the legal custody of the board, yet under AS 33.20.040, he is to be considered as if released on parole until the expiration of his maximum term less 180 days. We believe that these provisions may be reconciled if, during the period of release, after the term less good time has expired but prior to the time that the maximum term for which he was sentenced less 180 days has terminated, the released prisoner is not in the legal custody of the parole board, but is nevertheless considered as if on parole so as to be subject to reincarceration upon violation of a statutory condition of parole.

 AS 33.15.090 provides that the board may revoke the parole granted to a prisoner for violation of a law or ordinance. This provision may be given effect independently of whether a released prisoner is under the custody of the parole board. One under such custody is subject to a variety of conditions that may be imposed, including residential, employment, and reporting requirements as well as prohibition of activities which would otherwise be lawful (for example, drinking alcoholic beverages).[6]

---

5. The statutes in conflict here were enacted at the same time and concern the same subject, and are therefore *in pari materia*. "Statutes *in pari materia* although in apparent conflict, are so far as reasonably possible construed to be in harmony with each other." 2A C. Sands, Sutherland Statutory Construction § 51.02, at 290 (4th ed. 1973).

6. The United States Supreme Court summed up such conditions in *Morrissey v. Brewer*, 408 U.S. 471, 478, 92 S.Ct. 2593, 2598, 33 L.Ed.2d 484, 492 (1972):

To accomplish the purpose of parole, those who are allowed to leave prison early are subjected to specified conditions for the duration of their terms. These conditions restrict their activities substantially beyond the ordinary restrictions imposed by law on an individual citizen. Typically, parolees are forbidden to use liquor or to have associations or correspondence with certain categories of undesirable persons. Typically, also they must seek permission from their parole officers before engaging in specified activities, such as changing employment or living quarters, marrying, acquiring or operating a motor vehicle, traveling outside the community, and incurring substantial indebtedness. [citation omitted]

*See also Roman v. State*, 570 P.2d 1235 (Alaska 1977).

Thus, we conclude that it is possible for one not under the custody of the parole board to still be considered as if released on parole. In that status, the released prisoner may be subject to revocation of parole for violation of a law or ordinance.

The statutory provisions with which we are concerned were enacted in 1960 by the First State Legislature,[7] which was confronted with the task of establishing state prisoner and parole systems. We have previously mentioned Alaska's reliance on the federal statutes in enacting AS 33.20.040.[8] The construction which we have placed on the statutes is generally consistent with the federal decisions whereby a prisoner released more than 180 days before the expiration of his or her term may have parole revoked.[9]

Since it appears from the sketchy record presented to us that Morton's parole status was revoked because of violation of state laws, we conclude that such revocation was not prohibited by AS 33.15.190.[10]

The judgment of the superior court is AFFIRMED.

BURKE, J., not participating.

RABINOWITZ, Chief Justice, with whom MATTHEWS, Justice, joins, concurring.

Although we concur in the result, Justice Matthews and I differ with the court's reasoning. In our view, AS 33.20.040(a)[1] is controlling.

7. See ch. 81, § 8, SLA 1960 and ch. 107, § 4, SLA 1960.

8. See note 3, supra.

9. See note 4, supra.

10. Morton also challenges AS 33.20.040(a) as an unconstitutional denial of equal protection. We find no merit to this contention.

1. AS 33.20.040(a) provides:

A prisoner serving the term or terms for which he was sentenced less good time deductions shall be released unconditionally if there remains less than 180 days to serve under his sentence. If there remains more than 180 days to serve under his sentence a prisoner, upon release, shall be considered as if released on parole until the expiration of

AS 33.15.190 provides, in part, that "A prisoner released on parole remains in the legal custody of the [parole] board until the expiration of the maximum term or terms to which he was sentenced, less good time allowances provided by law." In our view, the phrase "good time allowances provided by law" is defined in AS 33.20.040(a).[2] Thus, AS 33.20.040(a) limits the benefit of good time allowances to a prisoner already paroled to a maximum of 180 days.

2. In *Matter of Estate of Hutchinson*, 577 P.2d 1074, 1075 (Alaska 1978), (footnote omitted) we stated, in part:

It is an established principle of statutory construction that all sections of an act are to be construed together so that all have meaning and no section conflicts with another. Further, where one section deals with a subject in general terms and another deals with a part of the same subject in a more detailed way, the two should be harmonized, if possible; but if there is a conflict, the specific section will control over the general.

See also 2A C. Sands, Sutherland Statutory Construction 51.02 (4th ed. 1973).